Vincent PETITT, Appellant,

v.

Mary LAWARE, Appellee.

No. 01–85–0994–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 5, 1986.

Rehearing Denied Aug. 28, 1986.

James A. McGuire, James A. McGuire & Associates, Houston, for appellant.

Brian M. Chandler, Arthur M. Glover, Jr., Hirsch, Glover, Robinson & Sheiness, Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from an order striking appellant's pleading and entering judgment for appellee. We affirm.

On January 6, 1984, appellant filed suit against appellee, which suit was answered on August 21. Appellant commenced discovery by notifying appellee of his intention to take appellee's deposition on February 21, 1985. Appellee responded by filing a motion to quash and a supplemental motion to quash. On February 25, the court heard appellee's motions and ordered appellee's deposition to be taken on March 4.

Due to problems between the attorneys, the March 4 deposition ended before completion. On April 10, appellant failed to attend his scheduled deposition. Both parties filed motions for sanctions. On April 24, the court denied both motions and ordered future depositions to be taken in the court's jury room or some other place in the Civil Courts Building.

On July 22, appellee received notice of appellant's intention to take her deposition on July 25; appellee filed a motion to quash, contending she did not receive the notice within a reasonable time, and set the motion for hearing on July 25. Appellant received notice of the hearing on July 24, and therefore refused to attend, contending the hearing was conducted outside the time

provisions of Tex.R.Civ.P. 21 and the local rules governing the Harris County district courts. The court granted appellee's motion to quash and ordered the depositions of both parties to be taken on August 6.

Appellant refused to attend the August 6 deposition. Appellee filed a motion to strike appellant's pleading, and pursuant to the motion, on August 26, 1985, the court ordered appellant's pleading struck and entered judgment for appellee.

On September 25, appellant filed a motion for new trial. The record contains no signed order overruling the motion, but the court's October 14 docket entry states: "Hearing on [plaintiff's Motion for New Trial]. No appearance by [plaintiff]. Passed. Cannot be reset."

On October 18, appellant filed a motion for recusal of the trial judge, alleging racial bias. The motion was referred to the Second Administrative District on October 29, and after a hearing, it was denied on November 8, 1985.

Appellant presents four points of error. Appellant first contends that the trial court erred in entering its February 25 and April 24, 1985, orders. However, appellant actually argues that the court (1) had an affirmative duty to enforce its February 25 order, and (2) erred in entering its April 24 order, which denied appellant's motion for sanctions.

■■■ Appellant contends that he filed a motion for sanctions, presumably based upon appellee's behavior (1) in failing to attend the February 21 deposition, and (2) in abruptly discontinuing the March 4 deposition. However, the transcript before this Court does not contain appellant's motion for sanctions. The burden is on the appellant to see that a sufficient record is presented on appeal, which preserves the error upon which he relies. Otherwise, the allegation of error is waived. *Chappell Hills, Inc. v. Boatwright*, 702 S.W.2d 687 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Irrigation Construction Co. v. Motheral Contractors, Inc.*, 599 S.W.2d 336 (Tex.Civ.App.—Corpus Christi 1980, no

writ). Appellant's first point of error is overruled.

In his second point of error, appellant contends that the court erred in conducting a hearing in derogation of the time limits authorized by Tex.R.Civ.P. 21 and Rule 2 of the local rules governing Harris County district courts.

On July 24, appellee filed a motion to quash appellee's deposition, setting a hearing on the motion for July 25, and hand delivered a copy of the motion to appellant. Appellant refused to attend the hearing, although he did speak with the presiding judge over the phone at the time of the hearing. The court granted appellee's motion and ordered depositions of both parties to be taken on August 6, 1985.

Tex.R.Civ.P. 21 provides in pertinent part:

.    .    .    .    .

An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, shall be served upon the adverse party not less than three days before the time specified for the hearing, unless otherwise provided by these rules or *shortened by the court.*

(Emphasis added.)

■■■ Under the wording of the rule, the trial court's action in shortening the three-day provision is discretionary, and the trial court's action will not be disturbed except on a showing of abuse of discretion.

The test for abuse of discretion is not whether, in this Court's opinion, the facts present an appropriate case for the trial court's action. Rather, as articulated in *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–242 (Tex.1985), it is a question of the following:

whether the court acted without reference to any guiding rules and principles. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. Comm.App.—1939, opinion adopted). Another way of stating the test is whether the act was arbitrary or unreasonable. *Smithson v. Cessna Aircraft Co.*, 665

S.W.2d 439, 443 (Tex.1984); *Landry v. Travelers Insurance Co.*, 458 S.W.2d 649, 651 (Tex.1970). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Telephone Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965); *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290, 295 (1959).

The court in the instant case was free to examine and determine the exigent circumstances presented. Among these were appellant's notice of deposition, which was received by appellee only three days prior to the scheduled deposition, and the problems such short notice presented to counsel for appellee in preparing appellee, who lived in Austin.

■ Additionally, the untimely hearing involved a matter that was nothing more than a mere violation of the rules of practice and procedure; it did not result in the dismissal of appellant's lawsuit without proper notice. The authorities are clear that an action taken by the court that results in a final dismissal of plaintiff's cause of action without proper notice involves more than a mere violation of the rules of practice and procedure; such action will constitute abuse of discretion. *Kuykendall v. Spicer*, 643 S.W.2d 776 (Tex.App.—San Antonio 1982, no writ).

■ The record contains no indication that the court's action was capricious, arbitrary, or unreasonable. Appellant has failed to show a clear abuse of discretion under the facts and circumstances presented.

■ Additionally, appellant argues that the trial court's actions were in derogation of certain local rules of the district courts of Harris County. Appellant has not included in the record before us a certified copy of the local rules. This Court may not take judicial notice of the local rules absent a showing that those rules have been filed with the Texas Supreme Court. *Chow v. Dole*, 677 S.W.2d 220 (Tex.App.—Houston [1st Dist.] 1984, no writ). Appellant's second point of error is overruled.

In his third point of error, appellant contends that the trial court erred in striking appellant's pleading as a sanction for failure to attend a court-ordered deposition.

On July 25, 1985, the court entered the following order:

Deposition of Petitt to start at 9:00 a.m. [and] deposition of Laware to start at 11:00 a.m. Both on August 6, 1985 [and] to continue without stoping [sic] in the 270 ct. room until completed.

Both parties will be present unless an order from the 270th ct. has been obtained changing the date. Notice for 7–25 is quashed.

Appellant refused to appear at the deposition; therefore, appellee took a certificate of non-appearance. Subsequently, appellee's motion to strike appellant's pleadings was granted.

Appellant contends that he did not appear at the August 6 deposition because (1) on July 26, he received a life-threatening telephone call regarding his attendance at the deposition, and (2) on August 6, he was awaiting this Court's ruling on his motion for leave to file petition for writ of mandamus requesting this Court to vacate the July 25 order, which motion was denied August 6.

The record fails to reveal that appellant ever informed the trial court of such "threats" until after the court had sanctioned appellant on August 26. Appellant first asserted the existence of the "threats" in his motion to vacate, filed September 19, and re-asserted them in his motion for new trial filed September 25.

■ A trial court has expansive power in facilitating the discovery process. *Waguespack v. Halipoto*, 633 S.W.2d 628 (Tex.App.—Houston [14th Dist.] 1982, writ dism'd). Tex.R.Civ.P. 215, sec. 2 a specifically provides for sanctions to be imposed by the court when a deponent fails to appear at a deposition:

a. *Sanctions by Court in District Where Deposition is Taken.* If a deponent fails to appear or to be sworn or to answer a question after being directed to do so by a district court in the district in which the deposition is being taken, the failure may be considered a contempt of that court.

b. *Sanctions by Court in Which Action is Pending.* If a party or an officer, director, or managing agent of a party or a person designated under Rules 200–2b, 201–4 or 208 to testify on behalf of a party fails to comply with proper discovery requests or to obey an order to provide or permit discovery, including an order made under paragraph 1 of this rule or Rule 167a, the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:

.    .    .    .    .

(5) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing with or without prejudice the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party; ...

■ The choice of the appropriate sanctions is for the trial court, and as long as it is within the trial court's authority, the sanction will not be overturned absent a clear abuse of discretion. *Evans v. State Farm Mutual Automobile Insurance Co.,* 685 S.W.2d 765 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *City v. Arney,* 680 S.W.2d 867 (Tex.App.—Houston [1st Dist.] 1984, no writ).

■ Under the facts and circumstances presented, we do not find that the court's action was an abuse of discretion. Appellant's third point of error is overruled.

In his fourth point of error, appellant contends that the trial court erred in refusing to recuse itself because of the court's alleged racial bias.

■ Appellant's motion for recusal was filed on October 18, approximately six weeks following the court's order striking appellant's pleading. On October 29, the court denied appellant's motion to recuse and referred the motion to the presiding judge of the Second Administrative District; on November 8, 1985, the motion was denied.

Tex.R.Civ.P. 18a(a) provides:

At least ten days before the date set for trial or other hearing in any court other than a Court of Appeals or the Supreme Court, any party may file with the clerk of the court a motion stating grounds why the judge before whom the case is pending should not sit in the case....

Upon the proper filing of the motion, the presiding judge shall either (1) recuse himself, or (2) request the assignment of another judge to hear the motion. If the motion is denied, the denial will be reviewed for abuse of discretion on appeal from the final judgment.

■ The language of the rule makes it mandatory, but the mandatory provisions do not come into play if the motion is not timely filed. *Gonzalez v. Gonzalez,* 659 S.W.2d 900 (Tex.App.—El Paso 1983, no writ); *Autry v. Autry,* 646 S.W.2d 586 (Tex.App.—Tyler 1983, no writ).

■ In the instant case, appellant failed to comply with the 10–day notice provisions of Rule 18a. Such failure bars complaint on appeal of the denial of the motion to recuse. *Autry,* 646 S.W.2d 586. Additionally, since the court had already struck appellant's pleadings and entered judgment for appellee, the issue was moot, as no relief was possible. *See James v. City of Round Rock,* 630 S.W.2d 466 (Tex. App.—Austin 1982, no writ). Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.