·Ramiro BURUATO and Irma Buruato, Appellants,

v.

**MERCY HOSPITAL OF LAREDO d/b/a Mercy Regional Medical Center and Dr. Jorge Vela, Appellees.**

No. 04–98–00638–CV.

Court of Appeals of Texas, San Antonio.

June 23, 1999.

Rehearing Overruled Aug. 25, 1999.

Rogelio G. Rios, Jr., Laredo, for appellant.

Paul M. Green, Lang, Ladon, Green, Coghlan & Fisher, P.C., Ty Griesenbeck, Jr., Cathy J. Sheehan, Plunkett & Gibson, Inc., San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice PAUL W. GREEN, Justice KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

Ramiro and Irma Buruato appeal the trial court's order dismissing their health care liability claim against Mercy Hospital of Laredo and Dr. Jorge Vela. In a single issue on appeal, the Buruatos contend that the trial court's order is void because they did not receive adequate notice of the hearing that resulted in the order of dismissal. Because the trial court has discretion to shorten the notice period required by Tex.R. Civ. P. 21, we affirm the judgment of the trial court.

### Factual and Procedural Background

On October 17, 1997, Ramiro and Irma Buruato filed suit against Mercy Hospital of Laredo and Dr. Jorge Vela, alleging negligence, gross negligence, breach of contract, fraud, constructive fraud, and loss of consortium arising from the defendants' actions in treating Mr. Buruato for an inguinal hernia. On December 19, 1997, Mercy Hospital and Dr. Vela filed their original answers. Mercy Hospital's answer included a motion to stay the proceedings for sixty days. The record reflects that the motion to stay was never considered or ruled upon by the trial court.

On March 9, 1998, Mercy Hospital filed special exceptions to the Buruato's original petition. A hearing on the special exceptions was set for May 11, 1998. Then, on April 29, 1998, Mercy Hospital and Dr. Vela filed a joint motion to compel compli-

ance with TEX.REV.CIV. STAT. ANN. art. 4590i § 13.01(a) (Vernon Pamph.1999), which requires a health care liability plaintiff to file a cost bond or place cash in escrow for each physician or health care provider named in the action or to file an expert report for each physician or health care provider with respect to whom a cost bond has not been filed within ninety days from the date suit is filed. A hearing on the joint motion was also set for May 11, 1998.

On May 6, 1998, Mercy Hospital and Dr. Vela filed an amended joint motion to compel based upon TEX.REV.CIV. STAT. ANN. art. 4590i § 13.01(d),(e) (Vernon Pamph.1999). Sections 13.10(d) and (e) provide that, if the plaintiff in a health care liability suit has not either furnished counsel for each physician or health care provider an expert witness report or nonsuited the action against the physician or health care provider by 180 days after the suit is filed, the trial court shall enter an order dismissing the action with prejudice. The amended joint motion to compel was submitted to the Webb County District Clerk with a letter requesting that the motion be heard on May 11, 1998, the time at which the original motion to compel was set for hearing. The record does not, however, contain a signed fiat setting the amended motion for hearing.

The record indicates that copies of the cover letter and the amended joint motion to compel were faxed to the Buruatos' attorney on May 6, 1998, and again on May 7, 1998. The Buruatos attorney claims he did not receive the fax until May 7, 1998. For the sake of argument, we will assume the Buruatos' attorney had notice of the motion as of May 7, 1998.

On May 11, 1998, the trial court heard the amended motion to compel over the objection of the Buruatos' attorney, who argued that he did not have adequate notice of the hearing under TEX.R.APP. P. 21, 21a. Nevertheless, the trial court, noting the clarity of section 13.01(e), dismissed the Buruatos' claims against Mercy Hospital and Dr. Vela. On June 9, 1998, the trial court entered a written order dismissing the case with prejudice.

## DISCUSSION

 The Buruatos contend that the trial court's order dismissing their suit is void because they did not receive timely notice of the hearing on Mercy Hospital's and Dr. Vela's amended motion to compel. Because the trial court had jurisdiction over both the parties and the subject matter involved in this case as well as jurisdiction to render judgment, the order at issue is not void. *See State ex rel. Latty v. Owens,* 907 S.W.2d 484, 485 (Tex.1995) (noting that "mere failure to follow proper procedure will not render a judgment void"). We will, nevertheless, liberally construe the Buruatos' issue on appeal as whether the trial court erred in dismissing their case.

Rule 21 of the Texas Rules of Civil Procedure requires that all parties shall be served with a motion and notice of any hearing on the motion at least three days prior to the hearing. *See* TEX.R. CIV. P. 21. Rule 21a extends that notice period by three days when service of notice is accomplished by fax. *See* TEX.R. CIV. P. 21a. Contrary to the Buruatos' assertion, when Rule 21a applies, Saturdays and Sundays are included in the computation of this time. *See* TEX.R. CIV. P. 4. In the present case, because notice of the amended joint motion to compel was faxed to the Buruatos' attorney, he was entitled to six days notice. It is undisputed that the hearing on the amended motion to compel took place on May 11, 1998, less than six days after the notice was received.

 However, Rule 21 authorizes the court to shorten the notice requirement. *See* TEX.R. CIV. P. 21; *In re Acevedo,* 956 S.W.2d 770, 776 (Tex.App.—San Antonio 1997, orig. proceeding). Accordingly, a trial court's action in conducting a hearing on a motion before the Rule 21 notice period has expired will not be disturbed on appeal absent a showing of abuse of discretion.

*See Petitt v. Laware,* 715 S.W.2d 688, 690 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.). A trial court abuses its discretion by acting arbitrarily, unreasonably, or without consideration of guiding legal principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–242 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ In exercising its discretion to shorten the Rule 21 notice period, the trial court is free to examine and determine the exigent circumstances presented in each particular case. *See Petitt,* 715 S.W.2d at 691. In the present case, Mercy Hospital's and Dr. Vela's original motion to compel was made pursuant to Tex.Rev.Civ. Stat. Ann. art. 4590i § 13.01(b) (requiring an expert report to be on file within ninety days from the time the suit was filed), and the amended motion was made pursuant to section 13.01(e) (requiring dismissal if the expert report is not on file within 180 days). While the Buruatos did not have six days notice of the amended motion to compel, they did have adequate notice of the original motion to compel, which complained of the same fundamental issue raised in the amended motion the Buruatos' failure to file expert reports. The Buruatos must also be held accountable for their knowledge of the time line involved in this case. Therefore, the Buruatos' cannot claim that the content of the amended motion to compel came as a complete surprise.

Also available to the trial court for consideration was the very limited course of action available to the Buruatos. Once a section 13.01(e) motion is filed, the only means the plaintiff has of preventing dismissal is to request a 30 day grace period to permit the filing of the missing expert reports. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i § 13.01(g) (Vernon Pamph.1999). In this case, the only course of action the Buruatos had once the amended motion to compel was filed was to file a section 13.01(g) grace period request. The Buruatos' attorney had at least three days to prepare such a grace period request. In spite of the fact that the preparation of this relatively simple motion was the only means of saving the Buruatos' lawsuit, the Buruatos' attorney did not file such a motion, claiming instead that he would have filed a section 13.01(f) request for extension if he had only had more notice.[1]

Although the Buruatos did not file a 13.01(g) request, the Buruatos were permitted to present to the trial court argument regarding their failure to file their expert reports. The Buruatos' attorney claimed that Mercy Hospital's motion for a stay extended the time lines so that he did not believe the Buruatos' expert reports were yet due. However, there is nothing in the record to indicate that the motion to stay was ever considered or ruled upon by the trial court. Absent a signed order granting the motion to stay, the Buruatos' attorney could not reasonably claim that his belief that a stay was in place excused his failure to file the expert reports.

Given the Buruatos' explanation for their failure to comply with section 13, it is reasonable to believe that the trial court would not have granted a section 13.01(g) grace period even if a motion for such had been filed. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i § 13.01(g) (Vernon Pamph.1998) (stating that a section 13.01(g) request will be granted only where the trial court is convinced that the failure of the plaintiff to file the expert reports was not intentional or the result of conscious indifference but was the result of accident or mistake). Because the Buruatos' only means of defeating a mandatory dismissal was ineffective, the trial court acted within its discretion to move forward and consider the amended motion to compel.

---

1. We note that section 13.01(f) does not apply in a situation in which a section 13.01(e) motion to dismiss has been filed. *See, generally,* Tex.Rev.Civ. Stat. Ann. art. 4590i § 13.01(d),(f),(g) (Vernon Pamph.1998).

The Buruatos rely primarily on *Kuykendall v. Spicer*, 643 S.W.2d 776 (Tex.App. San Antonio 1982, no writ), for the proposition that an order resulting in the final dismissal of a plaintiff's cause of action when the plaintiff has not received proper notice cannot withstand direct attack. *Id.* at 778. *Kuykendall*, however, is factually distinguishable from the present case. In *Kuykendall*, the plaintiff was given *no* notice of the defendant's motion to dismiss for want of prosecution. The plaintiff, therefore, did not appear at the hearing to offer any argument or evidence in his favor. *See id.* at 777. Conversely, in this case, the Buruatos were well aware of the subject matter of the motion to compel, their only course of action was apparent from a cursory reading of the statute at issue, and they had a full opportunity to present their case to the trial court. *See Standard Sav. Ass'n v. Cromwell*, 714 S.W.2d 49, 51 (Tex.App.-Houston [14th Dist.] 1986, no writ) (distinguishing *Kuykendall*).

Under the circumstances presented, we cannot say that the trial court abused its discretion in shortening the Rule 21 notice requirement in this case. The Buruatos' argument is overruled and the judgment of the trial court is affirmed.