**In the Interest of B.A.C.,**
**a Minor Child.**

**No. 01–98–00764–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 9, 1999.

Nikki-Marie Jones, Magnolia, for appellant.

Allison Jones, Houston, for appellee.

Shawn Casey, court reporter.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and ANDELL.

**ORDER ON INDIGENCY**

PER CURIAM.

The issue this Court considers is whether a timely-filed affidavit of indigence, which does not contain the information required by Tex.R.App. P. 20.1(b)(1)–(11), and to which a timely-filed contest has not been made, suffices to allow the appellant to proceed on appeal without advance payment of costs. *See* Tex.R.App. P. 20.1(a)(1), (b), (f).

We overrule and vacate the trial court's order of July 13, 1998, which ruled that appellant was not entitled to a free record on appeal.

This is an appeal from a final order on motion to modify in a paternity suit signed on May 27, 1998.[1] Appellant, Nikki–Marie Jones, filed a timely notice of appeal on June 26, 1998. Tex.R.App. P. 26.1. Also on June 26, 1998, she filed a timely "affidavit of inability to give security for costs." *See* Tex.R.App. P. 20.1(c)(1).

---

1. It also appears that on June 25, 1998, the trial court signed a "reformed final judgment on motion to modify." This document is not contained in the clerk's record that has been filed in this Court, nor is it important to the issues that are the subject of this order.

On July 13, 1998, the trial court signed an order overruling appellant's affidavit of inability. The order stated:

> Movant NIKKI–MARIE JONES although duly noticed to appear wholly made default.
>
> The Court after hearing the evidence and argument of counsel finds that Movant's affidavit is defective as to form pursuant to Texas Rules of Appellate Procedure Rule 20 and cannot sustain Movant's prima facie case for a free record. Further the Court finds that Movant has failed to meet her burden in light of the Court Reporter's controverting affidavit.
>
> It is therefore ORDERED that NIKKI–MARIE JONES request for a free record be in all things DENIED.

Accordingly, the district clerk[2] and the court reporter refused to file, respectively, the clerk's record and reporter's record in this appeal, advising the Clerk of this Court that payment for them had not been made. *See* TEX.R.APP. P. 35.3(a)(2), (b)(3). In response, appellant filed a "suggestion of right to proceed without payment of costs and motion compelling court reporter and clerk to file record," arguing that the contest to her affidavit of indigence was not timely filed, and that the July 13, 1998 order sustaining the contest was void.[3]

■ Rule 20.1(e) provides that the trial court clerk, court reporter, or any party may challenge the appellant's claim of indigence by filing a contest to the affidavit. TEX.R.APP. P. 20.1(e). The contest must be filed within 10 days after the date the

affidavit is filed. If the contest is not timely filed, the allegations are accepted as true, and the appellant is allowed to proceed without advance payment of costs on appeal. TEX.R.APP. P. 20.1(f). A hearing on the contest must be held and a ruling on the contest must be signed within 10 days after the contest is filed, unless an order is signed extending the time to conduct the hearing. TEX.R.APP. P. 20.1(i)(2), (3), (4). If an order is not timely signed sustaining the contest, the allegations of the affidavit will be deemed true, and the appellant will be allowed to proceed on appeal without advance payment of costs. TEX.R.APP. P. 20.1(i)(4).

On July 8, 1998, two days after the deadline set forth in TEX.R.APP. P. 20.1(e), court reporter, Nicole Palmer Pitts, filed the only contest to appellant's affidavit of indigence.[4] Despite the untimely filing of the contest, on July 13, 1998, a hearing was held on the contest. Counsel for the court reporter was present. Appellant did not appear. On July 13, 1998, the trial court signed the order quoted above.

The trial court erred in holding a hearing on the untimely filed contest. *See* TEX.R.APP. P. 20.1(f). The trial court was bound to accept the allegations in the affidavit as true because the contest was untimely filed. *Id.; see Rios v. Calhoon,* 889 S.W.2d 257, 258 (Tex.1994) (orig.proceeding) (under former Tex.R.App. P. 40(a)(3)(E), predecessor rule of TEX.R.APP. P. 20.1(f), court required to accept affidavit as true if no timely contest filed); *see also Lovall v. West,* 859 S.W.2d 544, 545 (Tex.

---

2. Although the district clerk initially refused to file the clerk's record, it has since been filed. It is unclear if appellant paid for the record.

3. Appellant also filed a mandamus proceeding seeking review of the July 13, 1998 order sustaining the contest to her affidavit of inability. In an opinion issued concurrently with this order, the Court denies the petition for writ of mandamus based on the pronouncement of the Texas Supreme Court in *In re Arroyo,* 988 S.W.2d 737, 739 (Tex.1998). *See In re Nikki–Marie Jones,* 01–98–01019–CV

(Tex.App.—Houston [1st Dist.], Sept. 2, 1999, orig. proceeding) (not designated for publication). Instead, we have transferred all the briefs filed in the mandamus proceeding to the appeal file and considered the issue as ancillary to the appeal.

4. In her brief on this issue, the court reporter impliedly concedes that her contest was untimely filed. She does not explain why the contest was untimely, nor does she argue that she is entitled to some longer time period within which to file her contest.

App.—Houston [1st Dist.] 1993, orig. proceeding) (under former Tex.R.App. P. 40(a)(3)(E), court obligated to accept allegations in affidavit as true in part because district clerk's contest untimely filed).

■ However, the court reporter argues that because appellant's affidavit of inability does not contain the information required by Tex.R.App. P. 20.1(b),[5] it is not filed in compliance with the rule;[6] therefore, she cannot proceed as an indigent. Furthermore, the court reporter maintains that appellant's affidavit fails to meet the definition of "affidavit," because it contains no facts, is insufficient because the allegations contained therein are not direct and unequivocal, and merely recites the notary's second-hand understanding of appellant's testimony rather than providing her direct testimony.[7] Appellant's affidavit read as follows:

STATE OF TEXAS
COUNTY OF HARRIS

BEFORE ME, the undersigned Notary Public, on this day personally appeared Nikki–Marie Jones, and being by me duly sworn on her oath deposed and stated that she is the Petitioner/Appellant in the above-entitled and numbered cause, and that she is unable to pay the costs of appeal or any part thereof, or to give security therefore.

*/s/ Nikki Marie Jones*

SUBSCRIBED AND SWORN TO before me this 26th day of June, 1998.

*/s/ Alfred E. Johnson*
Notary Public in and for
The State of Texas

We conclude that while the court reporter's arguments concerning appellant's affidavit of inability may have some validity, by not raising them in a timely filed contest to the affidavit, the court reporter has lost the right to challenge the affidavit. Rule 20.1(f) is clear: "Unless a contest is timely filed, no hearing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs."

We recognize that new Tex.R.App. P. 20.1(b), which became effective on September 1, 1997, requires far more information

---

**5.** Under Tex.R.App. P. 20.1(b), the affidavit of indigence must identify the party filing it, state the amount of costs, if any, that the party can pay, and contain complete information about (1) the nature and amount of the party's current employment income, government-entitlement income, and other income; (2) the income of the party's spouse and whether that income is available to the party; (3) real and personal property the party owns; (4) cash the party holds and amounts on deposit that the party may withdraw; (5) the party's other assets; (6) the number and relationship to the party of any dependents; (7) the nature and amount of the party's debts; (8) the nature and amount of the party's monthly expenses; (9) the party's ability to obtain a loan for court costs; (10) whether an attorney is providing free legal services to the party without a contingent fee; and (11) whether an attorney has agreed to pay or advance court costs.

**6.** Under Tex.R.App. P. 20.1(a)(1), "A party who cannot pay the costs in an appellate court may proceed without advance payment of costs if: (1) the party files an affidavit of indigence in compliance with this rule...."

**7.** The dissent concludes that because appellant, in the first person, did not swear to her inability to pay the costs of appeal or to give security for them, the affidavit is nothing more than the statement of the notary. We disagree. When the notary states that appellant appeared before him and swore that she was unable to pay the costs of appeal or to give security therefore, appellant's signature immediately follows the statement, and the notary subscribes and swears to such and signs and seals the document, the document is sufficient as an affidavit. *See Kohn v. Washer,* 69 Tex. 67, 6 S.W. 551, 552 (1887) (signature of affiant appearing immediately below official designation of notary placed there for purpose of subscribing to instrument; meets fully objects of law); *see also Bloyed v. General Motors Corp.,* 881 S.W.2d 422, 434 (Tex.App.—Texarkana 1994) (no particular terminology required to render document an affidavit; substance and not form of affidavit is significant; furthermore, defects in form of affidavit must be pointed out by objection), *aff'd,* 916 S.W.2d 949 (Tex.1995).

in the affidavit of indigence than former Tex.R.App. P. 40(a)(3)(A) did. Notwithstanding this change and some others pertaining to the rules governing the entitlement to proceed as an indigent on appeal, former Tex.R.App. P. 40(a)(3)(E), like present Tex.R.App. P. 20.1(f), provided that if a contest was not timely filed, the allegations of the affidavit were taken as true. This Court has previously held that an uncontested affidavit of inability to pay costs is conclusive as a matter of law. *Hager v. Apollo Paper Corp.*, 856 S.W.2d 512, 514 (Tex.App.—Houston [1st Dist.] 1993, no writ); *see Phillips v. Cartwright*, 647 S.W.2d 65, 67 (Tex.App.—Houston [1st Dist.] 1983, orig. proceeding) (party absolutely entitled to an exemption from costs on appeal where no contest is filed within 10 days after affidavit is filed). *See also Coleman v. Long*, 407 S.W.2d 279, 281 (Tex.Civ.App.—Dallas 1966, orig. proceeding) (numerous decisions support holding that rule 355, predecessor of former rule 40(a)(3)(E), is mandatory, and that if no contest is filed within 10–day period affidavit must be sustained). Appellant's affidavit was not timely contested; therefore, it was uncontested, and its allegation that appellant is unable to pay the costs of appeal or any part thereof is taken as true.

Accordingly, we overrule and vacate the trial court's order of July 13, 1998, which ruled that appellant was not entitled to a free record on appeal, and hold that appellant is entitled to proceed on appeal without advance payment of costs. The court reporters are ordered to file the reporter's record requested by appellant under Tex. R.App. P. 34.6(b)(1) in this appeal within 45 days of the date of this order, without payment by appellant. Tex.R.App. P. 20.1(f).[8]

It is so **ORDERED.**

Justice HEDGES dissenting.

ADELE HEDGES, Justice, dissenting to the Order on Indigency.

I agree with the majority that the contest to appellant's "affidavit of inability to give security for costs" was not timely filed. I also agree that the trial court erred in holding a hearing on the untimely filed contest. I disagree with the majority when they conclude that in the absence of a timely contest to the affidavit, even if the affidavit is insufficient as an affidavit, the affiant appellant may proceed on appeal without payment of costs.

An "affidavit" means a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by an officer under his seal of office. Tex. Gov't Code Ann. § 312.011(1) (Vernon 1998). Rule 20.1 of the Rules of Appellate Procedure clearly requires a party who seeks to appeal without advance payment of costs to file an *affidavit* of indigence. *See* Tex. R. App. P. 20.1(a)(1), (b), (c)(1).

What did appellant swear to in the document purporting to be her affidavit? Nothing. It was the notary who subscribed and swore that appellant was unable to pay the costs of appeal or any part thereof, or to give security therefore. Appellant made no first person statements that she was unable to pay the costs of appeal. Appellant did not positively and unqualifiedly represent the facts of her indigency in her personal knowledge. Without question, appellant's affidavit is legally insufficient. *See Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (affidavit that does not positively and unqualifiedly represent the facts as disclosed in affidavit to be true and within affiant's personal knowledge is legally insufficient).

Accordingly, because appellant did not file an "affidavit as required by rule 20.1 of the Rules of Appellate Procedure, I would

---

**8.** We note that if appellant is later able to pay some or all of the costs on appeal, upon motion, this Court may order her to pay costs to the extent of her ability to do so. Tex. R.App. P. 20.1(*l* ).

rule that appellant is not entitled to a free record on appeal.