**Ricardo MONROY, Appellant,**

v.

**Cecilia Rangel ESTRADA, Appellee.**

No. 08–03–00426–CV.

Court of Appeals of Texas, El Paso.

Oct. 21, 2004.

Ana M. Jordan, Round Rock, for Appellant.

John M. Dickey, El Paso, for Appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

SUSAN LARSEN, Justice.

This is an appeal from an order sustaining a contest to an affidavit of inability to pay costs of the appeal. Because we conclude that the appellant did not receive adequate notice of the hearing regarding his indigency, we reverse the trial court's order and remand for a new hearing.

### BACKGROUND

On August 18, 2003, Appellant Ricardo Monroy filed a notice of appeal and an affidavit of inability to pay costs of the appeal. *Monroy v. Estrada,* No. 08–03–00381–CV, 2004 WL 1426961, at *1 (Tex. App.-El Paso June 24, 2004, no pet.) (memo.op.).[1] On August 20, the trial court set an indigency hearing for August 26 at 7 a.m. On Friday, August 22, Appellee Cecilia Rangel Estrada and the court reporter filed contests to Monroy's affidavit. Copies of the contests were faxed to Monroy's counsel's office in Austin that afternoon at approximately 2:18 and 5:35 local time.[2]

The following Monday, August 25, Monroy filed a sworn motion for continuance. In the motion, Monroy's attorney stated that she was scheduled to appear at a hearing in Austin at 8:30 a.m. on August 26. The Austin case was a suit affecting the parent-child relationship that involved a child abduction. Counsel stated that she believed that the parties had come to an agreement on custody and that the father had agreed to return the child to the mother, but over the preceding weekend the father changed his mind and decided to fight for custody. Counsel concluded that she would not be able to attend the indigency hearing in El Paso. She claimed that she was the most knowledgeable counsel regarding the facts of this case and that it would not be in Monroy's best interest to obtain local counsel at such a late date to prepare for the hearing the next day. Counsel pointed out that the trial court

---

1. The underlying appeal, Cause Number 08–03–00381–CV, has been abated pending the outcome of this appeal. *See Monroy,* 2004 WL 1426961, at *3.

2. Monroy's counsel asserts this fact in Monroy's brief and Estrada has not contradicted it. Therefore, we accept it as true. *See* Tex. R.App. P. 38.1(f).

could conduct the hearing as late as thirty days after August 22—the date the contests were filed. *See* Tex.R.App. P. 20.1(i)(2)-(4). She asked to continue the hearing until September 2, a date well within the thirty-day period.[3]

At the indigency hearing, a substitute attorney appeared for Monroy's counsel. He moved for a continuance and argued that Monroy received insufficient notice of the hearing. The court denied the continuance and proceeded with the hearing. The substitute attorney stated that he was "not in a position to argue the merits of the indigency." He did not have a copy of Monroy's affidavit and had never represented a client regarding a civil affidavit of indigency. Estrada's attorney argued that Monroy's affidavit was incomplete and that there were discrepancies between the affidavit and Monroy's trial testimony. Monroy's substitute attorney could not explain the discrepancies. The trial court accordingly sustained Estrada's contest to the affidavit.

### The Procedure for Establishing Indigency on Appeal

Texas Rule of Appellate Procedure 20.1 governs the procedure to be followed when an appellant wishes to proceed without

advance payment of costs in a civil case. The appellant must file an affidavit of indigence with or before the notice of appeal. Tex.R.App. P. 20.1(c)(1). The trial court clerk, the court reporter, or any party may challenge the claim of indigence by filing a contest to the appellant's affidavit within ten days after the affidavit was filed. Tex. R.App. P. 20.1(e). After the contest is filed, the trial court must set a hearing and notify the parties and the court reporter of the setting. Tex.R.App. P. 20.1(i)(1). Within ten days after the contest was filed, the court must either conduct a hearing or sign an order extending the time to conduct the hearing. Tex.R.App. P. 20.1(i)(2)(A). The order may not provide for an extension of time that is more than twenty days from the date the order is signed. Tex.R.App. P. 20.1(i)(3). At the hearing, the appellant must prove indigence by a preponderance of the evidence. Tex.R.App. P. 20.1(g); *White v. Bayless*, 40 S.W.3d 574, 576 (Tex.App.-San Antonio 2001, pet. denied).

■ The rule makes clear that the appellant is entitled to proceed without advance payment of costs if a timely contest is not filed. The rule explicitly states: "Unless a contest is timely filed, no hear-

---

**3.** The continuance motion contains a certificate of conference, stating that Monroy's counsel conferred with Estrada's counsel and the court reporter "and they have agreed and are unopposed to this motion." In her appellate brief, Monroy's counsel asserts that Estrada's counsel "agreed" to the motion. In her brief, Estrada's counsel states:

> At no time did Appellee agree to continue the hearing on Appellant's indigency status. The signature of Appellee's attorney cannot be found on Appellant's Motion for Continuance nor is there a separate Rule 11 Agreement between the parties demonstrating that Appellee agreed to the continuance. This fact has been misstated to the court.

After Estrada's brief was filed, Monroy's counsel filed in the trial court a copy of a

letter from her to Estrada's counsel, dated August 25, 2003, which states, "This letter will confirm that you are unopposed to continuing the hearing regarding Plaintiff's indigency currently scheduled for August 26, 2003 at 7:00 a.m. If this letter accurately states your position, please sign in the space provided and return it to me as soon as possible." The letter is signed by the same attorney who signed Estrada's appellate brief and who represented her at the indigency hearing.

Thus, it appears that Estrada's charge that opposing counsel misstated the record is groundless and itself a misstatement of what occurred below. We do not take such assertions lightly and caution counsel to be sure of her facts before accusing others of unethical conduct.

ing will be conducted, the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs." TEX.R.APP. P. 20.1(f); *see also* TEX.R.APP. P. 20.1(i) ("*If* the affidavit of indigence is filed in the trial court and a contest is filed, ... the trial court must set a hearing ....") (emphasis added); TEX.R.APP. P. 20.1(g) ("*If* a contest is filed, the party who filed the affidavit of indigence must prove the affidavit's allegations.") (emphasis added).

In accordance with this unambiguous language, appellate courts have held that the appellee and the court reporter waive their complaints about the affidavit if they fail to file a timely contest. *See In the Interest of B.R.G.,* 37 S.W.3d 542, 544 (Tex.App.-El Paso 2001, no pet.) (rejecting the appellee's complaints about the incompleteness of the appellant's affidavit because the appellee did not file a timely contest and the affidavit sufficiently fulfilled the purpose of the rule); *In the Interest of B.A.C.,* 4 S.W.3d 322, 324 (Tex. App.-Houston [1st Dist.] 1999, pet. dism'd) (rejecting the court reporter's complaints about the incompleteness of the appellant's affidavit because the court reporter did not file a timely contest). Furthermore, in the absence of a contest, the trial court may not *sua sponte* deny the appellant's attempt to appeal as an indigent. *See Rios v. Calhoon,* 889 S.W.2d 257, 258–59 (Tex. 1994) (holding, under the predecessor to Rule 20.1, that if no contest is filed, the appellant "is absolutely entitled to the exemption from costs, ... and the trial court lacks the authority to affect the party's entitlement"). *But see Teague v. Southside Bank,* No. 12–03–00003–CV, 2003 WL 21356052, at *1–*2 (Tex.App.-Tyler June 11, 2003, no pet.) (memo.op.) (upholding trial court's denial of *pro se* inmate's attempt to appeal as an indigent, even though no contest was filed).

## THE TRIAL COURT'S AUTHORITY TO CONDUCT THE HEARING

In his first issue, Monroy argues that the trial court did not have the authority to conduct the indigency hearing because the court set and gave notice of the hearing before the contests were filed.

A trial court's authority to conduct an indigency hearing arises from Texas Rule of Appellate Procedure 20.1(i). *Risker v. Comm'n for Lawyer Discipline,* 94 S.W.3d 625, 631 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). Monroy correctly points out that when the trial court set the indigency hearing, it did not have authority to conduct such a hearing because no contest had been filed. *See* TEX.R.APP. P. 20.1(f), (i); *Rios,* 889 S.W.2d at 258–59. However, contests were subsequently filed, thus triggering the court's authority to conduct the hearing under Rule 20.1(i).

■■■ Monroy argues that the court did not acquire authority to conduct the hearing even after the contests were filed because it never invoked its authority under Rule 20.1(i) by specifically setting a hearing on the contests and giving notice of the setting, as the rule requires. We disagree. Although a trial court's failure to strictly comply with the notice requirements of Rule 20.1(i) may be error, such a failure does not deprive the trial court of authority, in the jurisdictional sense, to conduct an indigency hearing. Actions that are merely contrary to a statute or statutory equivalent do not deprive a court of jurisdiction. *See Reiss v. Reiss,* 118 S.W.3d 439, 443 (Tex.2003); *see also Buruato v. Mercy Hosp.,* 2 S.W.3d 385, 387 (Tex.App.-San Antonio 1999, pet. denied) (rejecting argument that an order dismissing a suit was void because the plaintiffs did not receive timely notice of the hearing); *Ex parte Hodge,* 611 S.W.2d 468, 469 (Tex.Civ. App.-Dallas 1980, orig. proceeding) (reject-

ing argument that a party's failure to receive adequate notice of a hearing deprived the trial court of jurisdiction). We therefore overrule Monroy's first issue.

## THE ADEQUACY OF NOTICE

In his second issue, Monroy argues that the trial court abused its discretion by failing to provide proper notice of the indigency hearing and by conducting the hearing over his objection.

### The Issue is Preserved for Review

■ Estrada argues that this issue is not preserved for review because Monroy's written objection raising this issue was not filed until after the hearing and Monroy's substitute counsel failed to raise the issue and obtain a ruling at the hearing. To preserve a complaint for appellate review, the record must show that the complaint was timely made to the trial court and that the trial court ruled on the complaint, either expressly or implicitly. TEX.R.APP. P. 33.1(a).

The record reflects that Monroy's attorney mailed "Plaintiff's Objection to Court's Order Setting Indigency Hearing" on August 25, the day before the hearing, but it was not filed by the clerk until August 28, two days after the hearing. Monroy's attorney states in a reply brief that on the night before the hearing, she faxed a copy of the objection to the trial judge. We accept this assertion as true. See TEX. R.APP. P. 38.1(f); In the Interest of M.A.H., 98 S.W.3d 745, 748 (Tex.App.-Waco 2003, no pet.).

At the indigency hearing, Monroy's substitute counsel began by stating, "[W]e would be making a motion today to continue the hearing for the following reason. I have this from [Monroy's attorney], it was faxed to me last night." Then, rather than going into the details of the continuance motion, counsel proceeded to read from the written objection and argued that the court could not set an indigency hearing before a contest was filed, that the notice requirement was triggered when the contests were filed on August 22, and that the earliest date on which the court could conduct the hearing would be August 27.

The judge stated, "[Y]ou have told us that we couldn't set this, and I want you to explain this, as to how we will resolve this dilemma." And immediately before proceeding to the merits of Estrada's contest, the judge announced, "I believe this hearing is, the setting of the hearing is sufficient. Okay. The Motion for Continuance is denied."

From this review of the record, it is apparent that although Monroy's substitute counsel mentioned the continuance motion, he actually argued the objection regarding the setting of the hearing and the adequacy of notice. The judge's comments indicate that he understood the objection. He ruled on the objection by stating that the setting was sufficient and then proceeding with the hearing. Therefore, Monroy's second issue is preserved for review.

### The Notice Was Not Adequate

■ To determine whether Monroy had adequate notice, we must first determine when he effectively received notice. It is undisputed that on August 20—two days before any contest to Monroy's affidavit was filed—the trial court set an indigency hearing for August 26 and notified the parties of the setting.

As noted above, the trial court had no authority to conduct an indigency hearing and Monroy had no duty to prove the assertions in his affidavit before the contests were filed. See TEX.R.APP. P. 20.1(f)-(g). Thus, before the contests were filed, Monroy's counsel needed very little, if any,

time to prepare for the hearing. Indeed, one case suggests that the appellant need not even appear at an indigency hearing when no timely contest has been filed. *See B.A.C.*, 4 S.W.3d at 323–25.[4]

After the contests were filed, however, the trial court was required to conduct a hearing and Monroy had the burden of proving the allegations in his affidavit. *See* TEX.R.APP. P. 20.1(g), (i)(1). Because of this dramatic change in the nature of the hearing—from one that Monroy arguably need not even attend to one in which he had the burden to prove his indigency—the earlier notice of the hearing was not sufficient.

It is undisputed that after the contests were filed, the trial court failed to notify Monroy that the hearing on the contests would be held on August 26. But Monroy's counsel obviously surmised that the contests would be heard then, as demonstrated by the content of her objection to the hearing.

We will assume that counsel effectively had notice when she received copies of the contests on the afternoon of Friday, August 22. The issue that remains is whether, under the circumstances of this case, such notice was adequate for a hearing that was to be conducted on Tuesday, August 26, at 7 a.m.

Because Texas Rule of Appellate Procedure 20.1 does not indicate how much notice is required, the parties have directed our attention to Texas Rules of Civil Procedure 21 and 21a for guidance. Rule 21 provides:

An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, shall be served upon all other parties not less than three days before the time specified for the hearing unless otherwise provided by these rules or shortened by the court.

TEX.R. CIV. P. 21. Rule 21a provides, "Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served ... by telephonic document transfer, three days shall be added to the prescribed period." TEX.R. CIV. P. 21a.

■ Rules 21 and 21a thus suggest that the trial court should have provided six days' notice of the hearing. However, Rule 21 authorizes a court to shorten the notice period. Therefore, a court's decision to conduct a hearing before the notice period has expired will not be disturbed on appeal absent an abuse of discretion. *Magnuson v. Mullen*, 65 S.W.3d 815, 824 (Tex.App.-Fort Worth 2002, pet. denied); *Buruato*, 2 S.W.3d at 387; *Petitt v. Laware*, 715 S.W.2d 688, 690 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators*, 701 S.W.2d 238, 241–42 (Tex.1985).

■ In exercising its discretion to shorten the notice period, the trial court is free

---

4. In *B.A.C.*, the court reporter filed an untimely contest to the appellant's affidavit. 4 S.W.3d at 323. Nevertheless, the trial court conducted a hearing and refused to allow the appellant a free record based on the court reporter's controverting affidavit and on deficiencies in the form of the appellant's affidavit. The trial court's order states that the appellant "although duly noticed to appear wholly made default" at the indigency hearing. *Id.* When the court reporter refused to file the record, the appellant filed a motion to compel in the appellate court. *Id.* The appellate court held that the trial court erred by holding the hearing on the untimely filed contest, vacated the order, and ordered the court reporter to file the record. *Id.* at 323, 325.

to consider the exigent circumstances present in each particular case. *Magnuson,* 65 S.W.3d at 824; *Buruato,* 2 S.W.3d at 388; *Petitt,* 715 S.W.2d at 691. A review of *Magnuson, Buruato,* and *Petitt* demonstrates what is meant by "exigent circumstances."

In *Magnuson,* a March 23 hearing needed to be reset when the trial was already set for Tuesday, March 28. The trial court instructed the parties to schedule the hearing as close to the trial date as possible. The hearing was reset for Friday, March 24. *Magnuson,* 65 S.W.3d at 824–25. Considering that there were only two business days remaining before the trial date, the appellate court held that the trial court did not abuse its discretion by conducting the hearing on March 24. *Id.* at 825.

*Buruato* was a medical malpractice case in which the plaintiffs were statutorily required to file expert reports. 2 S.W.3d at 386–87. If the expert reports were not filed within 90 days from the date the suit was filed, the plaintiffs had to file a cost bond. If the reports were not filed within 180 days, the suit was subject to dismissal. *Id.* at 387. On April 29, the defendants filed a motion to compel compliance with the 90–day requirement, and a hearing was set for May 11. On May 7, the defendants faxed to the plaintiffs an amended motion to compel compliance with the 180–day requirement. The trial court heard the amended motion on May 11 and dismissed the suit. *Id.* at 386–87.

The appellate court held that the trial court did not abuse its discretion in hearing the amended motion less than six days after it was faxed to the plaintiffs. *Id.* at 387, 389. The court noted that the plaintiffs had more than six days' notice of the original motion and both motions complained of the same failing on the part of the plaintiffs. *Id.* at 388. Furthermore, because the plaintiffs were charged with knowledge of the law and of the amount of time that had passed since they filed suit, the content of the amended motion should not have been a surprise. *Id.* Finally, the trial court could properly consider the very limited course of action available to the plaintiffs. Once the amended motion was filed, the only way for the plaintiffs to save their case was to move for a 30–day grace period to obtain the reports. Although they had at least three days to prepare "this relatively simple motion," they failed to do so. *Id.*

In *Petitt,* the appellee received notice on July 22 of the appellant's intention to take her deposition on July 25 in Harris County. 715 S.W.2d at 689. The appellee filed a motion to quash, claiming inadequate notice, and set the hearing on her motion for July 25. The appellant received notice of the hearing on July 24. The court held the hearing and granted the motion to quash. *Id.* at 689–90. The appellate court held that the trial court did not abuse its discretion in conducting the hearing. *Id.* at 691. The trial court could properly consider that the appellee received the notice of deposition only three days before the scheduled deposition and the problems such short notice caused for the appellee's counsel, who lived in Austin. *Id.* Moreover, the hearing only involved the scheduling of a deposition; it did not result in the dismissal of the appellant's suit without proper notice. *Id.*

A comparison of the circumstances of these three cases with the instant case leads to the conclusion that the trial court acted arbitrarily and unreasonably. Whereas in *Buruato,* the fundamental nature of the original and amended motions was the same and the plaintiffs could have defeated the amended motion by filing a simple motion, in this case the contests dramatically changed the nature of the hearing and required Monroy to marshall

his evidence. Moreover, unlike in *Buruato*, there is nothing in the record to suggest that Monroy should have expected the contests.

Whereas in *Magnuson* there were only a few days before the trial was to commence and in *Petitt* there were only a few days before the deposition, in this case the trial court had up to thirty days from the filing of the contests to conduct the hearing. In *Petitt*, the court considered the problems presented for out-of-town counsel by the short notice of the deposition. In this case, the short notice presented problems for Monroy's out-of-town counsel, as demonstrated by her sworn and unopposed continuance motion. *See Roob v. Von Beregshasy*, 866 S.W.2d 765, 766 (Tex.App.-Houston [1st Dist.] 1993, writ denied) ("The trial court has no discretion to reject uncontroverted facts set out by a party in a sworn motion for continuance.").

■ Also in *Petitt*, the hearing only involved the scheduling of a deposition rather than the dismissal of the case. In this case, the indigency hearing involved a matter nearly as important as the dismissal of a case. The supreme court has stated, "Although an affidavit of indigence is no longer used to invoke appellate jurisdiction, it is no less essential to an appeal, for if a contest to the affidavit is sustained, the appellant must either pay for the appellate record ... or suffer dismissal of the appeal." *In the Interest of J.W.*, 52 S.W.3d 730, 733 (Tex.2001). Because of this importance, the rules governing indigency must be liberally construed in favor of the right to appeal. *B.R.G.*, 37 S.W.3d at 544.

Unlike *Magnuson, Buruato,* and *Petitt*, the record in this case reveals no reason, much less exigent circumstances, for the court to insist upon conducting the indigency hearing on August 26, 2003. And Monroy clearly suffered from having the hearing conducted that day; his attorney did not attend the hearing because of the conflict with the Austin case, and the substitute attorney was unfamiliar with the facts and the law related to Monroy's alleged indigency.

The trial court abused its discretion in conducting the indigency hearing without providing adequate notice to Monroy. We therefore sustain Monroy's second issue. We find it unnecessary to consider Monroy's third issue, which complains of the trial court's denial of the continuance motion.

### Conclusion

The trial court's order sustaining Estrada's contest is reversed. We remand to the trial court to conduct a hearing to determine whether Monroy should be allowed to proceed without advance payment of costs in Cause Number 08–03–00381–CV. The hearing shall be conducted and the order, if any, shall be signed within the period provided by Texas Rule of Appellate Procedure 20.1(i)(2)(B), (3), (4), with the period commencing on the date of this opinion. If the trial court signs an order sustaining the contests, the trial court clerk shall file in Cause Number 08–03–00381–CV a supplemental record containing the order within five days after the order is signed. If no supplemental record is filed within thirty-five days of the date of this opinion, Monroy will be entitled to proceed without advance payment of costs in Cause Number 08–03–00381–CV and the reporter's record for that appeal will be due within sixty days from the date of this opinion.