# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00107-CV

**Suzanna Eckchum AKA Susan Eckhert, Appellant**

**v.**

**The State of Texas for the Protection of Hal Ketchum, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF COMAL COUNTY
## NO. C2014-1690C, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Suzanna Eckchum AKA Susan Eckhert has filed a motion seeking review of the trial court's order sustaining a contest to Eckchum's affidavit of indigence. *See* Tex. R. App. P. 20.1(j)(1). The trial court signed the order after Eckchum failed to appear at a hearing on the contest. *See* Tex. R. App. P. 20.1(g)(1) (party who filed affidavit of indigence bears burden of proving affidavit's allegations at hearing). Eckchum argues that she failed to appear because she received inadequate notice of the hearing. She contends that the trial court erred in sustaining the contest and as a result, she should be allowed to proceed with her appeal without payment of costs.

We review a trial court's decision sustaining a contest to an affidavit of indigence for an abuse of discretion, considering whether the court acted arbitrarily, unreasonably, or without any reference to guiding rules or principles. *See Jackson v. Texas Bd. of Pardons and Paroles*, 178 S.W.3d 272, 275 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Under the rules of civil

procedure, a party is generally entitled to six days' notice of a hearing if served by certified mail. *See* Tex. R. Civ. P. 21, 21a; *In re C.S.*, 264 S.W.3d 864, 871 (Tex. App.—Waco 2008, no pet.).

The record reflects that the hearing on the contest filed by court reporter Dana Dance was held February 25, 2015. Dance's counsel served Eckchum with notice of the hearing by certified mail, postmarked on February 23, 2015.[1] Eckchum states that she received the notice on February 26, 2015, after the hearing was held.

We conclude that the notice provided to Eckchum was inadequate and that under these circumstances, the trial court abused its discretion in sustaining the contest. *See Monroy v. Estrada*, 149 S.W.3d 847, 852-55 (Tex. App.—El Paso 2004, no pet.); *see also Prince v. American Bank of Tex.*, No. 05-10-01540-CV, 2011 Tex. App. LEXIS 8874, at *2 (Tex. App.—Dallas Nov. 8, 2011, no pet.) (mem. op.) (concluding that trial court abused its discretion by sustaining contest to affidavit of indigence when inadequate notice was provided and remanding case to trial court for another hearing). We grant Eckchum's motion in part, reverse the trial court's order sustaining the contest, abate this appeal, and remand this case to the trial court to conduct another hearing on Dance's contest.

It is ordered on March 13, 2015.

Before Chief Justice Rose, Justices Goodwin and Field

Abated and Remanded

Filed: March 13, 2015

---

[1] During the hearing, Dance's counsel stated that notice to Eckchum was also sent by e-mail. No evidence of service by any means was offered at the hearing.

2