**Motion Granted; Reversed and Remanded and Memorandum Opinion filed July 9, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00447-CV

---

## MARCUS A. TOWNLEY AND ERIN M. MCCAIN, Appellants

## V.

## LINDA A. LANIER, Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1077886**

---

## MEMORANDUM OPINION

Appellants filed a motion to review the trial court's order sustaining the court reporter's challenge to appellants' affidavits of indigency. *See* Tex. R. Civ. P. 145(g). Appellants' primary contention is that they were not given adequate notice of the hearing determining their indigency status. *See* Tex. R. Civ. P. 145(f)(5).

### Background

On May 31, 2019, both appellants filed an affidavit of indigency along with

a notice of appeal. On June 5, 2019, the official court reporter filed a contest to the appellants' affidavits of indigency. *See* Tex. R. Civ. P. 145(f)(3). On the same day, the court reporter sent appellants by certified mail a notice of hearing indicating that the contest would be heard on June 11, 2019. Appellants did not attend the hearing and the trial court sustained the court reporter's contest by written order dated June 11, 2019.

### Applicable Law and Standard of Review

Texas Rule of Civil Procedure 145 exempts a party from paying court costs, including the reporter's fee, if the party files a statement showing he does not have the funds to pay. *See* Tex. R. Civ. P. 145(a), (c); *Abrigo v. Ginez*, No. 14-18-00280-CV, 2019 WL 2589877, at *2 (Tex. App.—Houston [14th Dist.] June 25, 2019, no pet. h.). However, certain persons, including the court reporter, may challenge the statement of inability to pay costs by motion. Tex. R. Civ. P. 145(f)(1)-(4). The trial court must hold an "oral evidentiary hearing" on the motion before ordering payment of costs, and the declarant must be given ten days' notice of the hearing. Tex. R. Civ. P. 145(f)(5). At the hearing, the party alleging indigency bears the burden to prove inability to pay costs. *Id*. An order granting the motion is reviewed for an abuse of discretion on appeal and will be affirmed unless the record reflects the trial court acted in an arbitrary and unreasonable manner or without reference to any guiding rules or principles. *See Jackson v. Tex. Bd. Of Pardons and Paroles*, 178 S.W.3d 272, 275 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Generally, a complaint for appellate review must be preserved by specific objection or motion in the trial court to allow the trial court an opportunity to correct the error. *See* Tex. R. App. P. 33.1. However, a party who complains of inadequate notice of a hearing and does not appear at the hearing may raise the complaint for the first time following the hearing. *In re B.T.G.*, No. 05-17-00521-

CV, 2017 WL 2334243 at *1 (Tex. App.—Dallas 2017, no pet.) (mem. op.).

## Discussion

Appellants argue they did not receive adequate notice of the hearing. A review of the record reveals appellants are correct. The court reporter filed her contest on June 5, 2019. The same day, she mailed a copy of the contest to appellants by certified mail along with a notice of hearing, which set the contest for hearing on June 11, 2019. Thus, appellants were provided with at most six days' notice of the hearing. The ten day notice period is mandatory and appellants did not receive sufficient notice. Tex. R. Civ. P. 145(f)(5) ("declarant must be given ten days' notice of the hearing"). Accordingly, we conclude the trial court abused its discretion in granting the court reporter's motion challenging appellants' affidavits of indigence. *See In re B.T.G.*, 2017 WL 2334243 at *2; *Monroy v. Estrada*, 149 S.W.3d 847, 852-55 (Tex. App.—El Paso 2004, no pet.).

## Conclusion

We grant appellants' motion for review, reverse the trial court's June 11, 2019 order sustaining the contest, and remand the contest to the trial court for a hearing consistent with this opinion. The hearing shall be held within in thirty days from the date of this opinion.


PER CURIAM

Panel consists of Justices Wise, Jewell, and Hassan.

3