

# NUMBER 13-24-00476-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TAMMY BAILEY,                                          **Appellant,**

**v.**

RELATIVE RESOURCES LLC,                          **Appellee.**

## ON APPEAL FROM THE 267TH DISTRICT COURT
## OF GOLIAD COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Justice West**

On September 30, 2024, appellant Tammy Bailey filed a pro se notice of appeal from orders allegedly entered in trial court cause number 22-12-1321-CV in the 267th District Court of Goliad County, Texas. On October 2, 2024, the Clerk of the Court notified appellant that it appeared that there was not a final, appealable order. The Clerk requested correction of this defect, if possible, and advised appellant that the appeal

would be dismissed if the defect was not corrected within ten days. *See* TEX. R. APP. P. 37.1, 42.3(a), (c). The Clerk also advised appellant that her notice of appeal did not comply with the Texas Rules of Appellate Procedure. *See id.* R. 9.1(b), 25.1(d) (1), (2), (4). On October 15, 2024, appellant filed a response and an amended response to the Clerk's directive in which she stated, *inter alia*, that she "is aware there is NO order" and that she is requesting discretionary review. On November 7, 2024, the Clerk advised appellant that her responses failed to comply with the appellate rules and requested correction of the defects. *See id.* R. 9.1(b), 9.5(e). To date, appellant has not shown that she is appealing an appealable order or judgment, corrected the defects in her notice of appeal, or corrected the defects in her response to the Clerk's directive. Moreover, in the event that appellant is attempting to file a permissive appeal, she has failed to obtain permission to do so from the trial court and has further failed to file an appropriate petition in this Court. *See* TEX. R. CIV. P. 168; TEX. R. APP. P. 28.3.

"'Courts are empowered to note potential jurisdictional defects sua sponte,' and by doing so, a court 'discharges its duty to ensure that the court itself is functioning in an authorized and properly judicial capacity.'" *Hidalgo Cnty. Water Improvement Dist. No. 3 v. Hidalgo Cnty. Irrigation Dist. No. 1*, 669 S.W.3d 178, 185 (Tex. 2023) (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 867, 869 (Tex. 2023)). Generally, appeals may be taken only from final judgments. *CPS Energy v. Elec. Reliability Council of Tex.*, 671 S.W.3d 605, 614 (Tex. 2023); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Statutes that specifically authorize interlocutory appeals provide an exception to this general rule. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603

2

S.W.3d 385, 390 (Tex. 2020); *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *see, e.g.*, Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 51.014 (listing several interlocutory orders that may be appealed).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. Appellant has not shown that she is appealing from a final judgment or that her appeal is otherwise authorized by statute. Accordingly, we dismiss this appeal for lack of jurisdiction. *See* Tᴇx. R. Aᴘᴘ. P. 42.3(a).

JON WEST
Justice

Delivered and filed on the
30th day of January, 2025.

3