**In the Interest of B.R.G., a child.**

**No. 08–00–00132–CV.**

Court of Appeals of Texas,
El Paso.

Feb. 8, 2001.

Robin Lynn Geer, pro se.

John Cornyn, Attorney General, Midland, John B. Worley, Rhonda A. Pressley, Assistant Attorneys General, Child Support Litigation Division, Austin, for appellee.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

### OPINION ON ORDER ABATING APPEAL AND REMANDING CASE FOR DETERMINATION OF STATUS OF RECORDER'S RECORD

PER CURIAM.

Robin Geer, an incarcerated person, appeals *pro se* the trial court's order finding him liable for child support for his child,

---

B.R.G., and finding he was not entitled to a bench warrant for purposes of testifying at the hearing on this suit affecting the parent-child relationship. We abate the appeal and remand the case for a determination of why no record has been filed in compliance with Tex.R.App. P. 13.2 and 34.6(a)(2).

### FACTS

On June 25, 1999, the Texas Attorney General filed a petition to establish the parent-child relationship between B.R.G. and Robin Lynn Geer. The petition sought testing to determine parentage, an order appointing conservators, an order concerning the child's surname, and an order for medical support and child support. On July 9, 1999, the clerk received and filed a letter from Robin L. Geer stating that he was incarcerated in the Texas Department of Criminal Justice, and asking for a continuance until his expected release date of May 2000. On December 30, 1999, Geer filed an application for a writ of habeas corpus ad testificandum for a hearing set for January 12, 2000 in the Midland County courthouse.

On December 30, 1999, Geer filed a "Notice to the Court" stipulating that he was father to the child, but also stating that:

Applicant in this cause and action is currently incarcerated in the Texas Department of Criminal Justice—Institutional Division, LeBlanc Unit, 3695 FM 3514, Beaumont, Texas. The Applicant is indigent in every legal sense, and has no legal right or ability to earn monies in which to contribute to the need of his child.

. . .

As a result of this Applicant's indigency and the legislative mandate of the Texas Department of Criminal Justice—Institutional Division that the offenders not be allowed to earn monies to contribute to their support or the support of their children in any way, there is simply no way this Applicant can legally contribute to the support of his child.

. . .

Applicant absolutely has no NET MONTHLY INCOME, NO NET RESOURCES, NO SELF EMPLOYMENT INCOME, NO DEEMED INCOME POSSIBLE, NO WAGE AND SALARY PRESUMPTION POSSIBLE, AND ABSOLUTELY NO LEGAL MEANS IN WHICH TO GENERATE OR EARN ANY INCOME WHATSOEVER.

The trial court nevertheless set a hearing on the merits for February 16, 2000, appointed Angela Lea Sharp the child's temporary managing conservator, and set support in the amount of $155 per month. Geer, by pleading, objected to this pretrial order and again stated that he had no net monthly income, no net resources, no self-employment income, no deemed income possible, no wage and salary presumption possible, and "ABSOLUTELY NO LEGAL MEANS IN WHICH TO GENERATE OR EARN ANY INCOME WHATSOEVER." On February 14, 2000, he again requested a writ of habeas corpus ad testificandum.

The hearing went forward on February 16, 2000 before IV–D Master Honorable Matthew Blair. The mother Angela Lea Sharp appeared in person *pro se*, the father Robin Lynn Geer did not appear, the petitioner Attorney General of Texas was represented, and a record of the proceedings was made by audio recording. The court found that Robin Lynn Geer was the child's father, and made various orders on child support (which was lowered to $124 per month), conservatorship, and visitation.

Geer filed his notice of appeal to this court, accompanied by an affidavit of indigency, swearing under penalty of perjury that he had "no net monthly income, no net resources, no self employment income, no deemed income possibilities, no wage and salary presumption possible, and absolutely no legal means in which to generate or earn any income possible." The record

reflects no contest to his indigency declaration, nor any order by the trial court concerning it.

The district clerk of Midland County filed her record in this court on June 12, 2000. No reporter's record complying with the requirements of Tex.R.App. P. 34.6(a)(2) has been filed, although this court has been sent a cassette under cover letter of the IV–D Master's legal assistant. Geer and the Attorney General have filed briefs on the merits in this appeal.

### No contest to affidavit of indigency

■ Initially, we must address the status of the record in this appeal, as the absence of a certified recorder's record may well determine the outcome of Geer's complaints. The first issue before us is whether Geer is entitled to proceed on appeal as an indigent person.

■ The rules of appellate procedure are clear that when a party files an affidavit of indigency, unless a timely contest to the affidavit is made, the affidavit's allegations shall be deemed true and the party will be allowed to proceed without advance payment of costs.[1] Robin Geer filed his affidavit of indigency together with his notice of appeal, followed shortly by his in forma pauperis data from the Texas Department of Criminal Justice. Nevertheless, the attorney general argues he has not filed an effective affidavit of indigency. This, because his affidavit fails to inform the court on the income of his spouse (if he has one), amounts of money he may have on deposit, or his ability to obtain a loan

for court costs, all information required under Tex.R.App. P. 20.1(b) to establish indigence. The argument may have been a compelling one if made in conjunction with a timely filed contest to the affidavit of indigency. By failing to file a contest, however, we find the Attorney General has waived complaints as to these defects in the affidavit. Because the rules governing indigency are to be liberally construed in favor of a right to appeal, Geer's failure to complete the laundry list of factors set out in Tex.R.App. P. 20.1(b) is not fatal to his right to appeal as an indigent so long as his affidavit sufficiently fulfilled the purpose of the rule, which we hold it did.[2] No contest having been filed to his indigency affidavit, Geer's status as indigent was conclusively established.[3] Geer is entitled to proceed on appeal exempt from costs.[4]

### No recorder's record

■ Both Geer's complaints on appeal—that the trial court erred in ordering him to pay child support while incarcerated, and that the trial court erred in refusing him a writ of habeas corpus ad testificandum—are reviewed by this court under an abuse of discretion standard.[5] Thus, a record of the hearing on the merits of this matter is essential to his claims.[6] It is the Attorney General's position that no recorder's record was ever requested or filed in this appeal, and therefore Geer has waived his issues on appeal. We do not find the issue to be quite so clear-cut.

It is true that Geer apparently did not make a request for preparation of a recorder's record when he filed his notice of

---

1. Tex.R.App. P. 20.1(f); *see In re VanDeWater,* 966 S.W.2d 730, 732–33 (Tex.App.—San Antonio 1998, no pet.) (mandamusing court reporter to prepare free statement of facts under former appellate rule).

2. *In the matter of C.M.G.,* 883 S.W.2d 411, 413 (Tex.App.—Austin 1994, no writ).

3. Tex.R.App. P. 20.1(f); *Rios v. Calhoon,* 889 S.W.2d 257, 258–59 (Tex.1994).

4. *Rios,* 889 S.W.2d at 258.

5. *Hollifield v. Hollifield,* 925 S.W.2d 153, 155 (Tex.App.—Austin 1996, no writ) (child support); *Nance v. Nance,* 904 S.W.2d 890, 892 (Tex.App.—Corpus Christi 1995, no writ) (habeas corpus ad testificandum).

6. *See In re Marriage of Spiegel,* 6 S.W.3d 643, 646 (Tex.App.—Amarillo 1999, no pet.) ("the reporter's record is so pivotal to our review that its absence obligates us to presume that the missing evidence actually supported the trial court's ruling").

appeal, and none appears in this appellate record. On November 29, 2000, pursuant to TEX.R.APP. P. 37.3(a)(1), this court entered its order as follows:

> It has come to this Court's attention that no Reporter's Record has been filed in this appeal.
>
> After review of the record, we find that the trial court orders dated January 12, 2000 and February 16, 2000, as contained in the Clerk's Record timely filed in this cause, indicate the proceedings were electronically recorded. Further review of the record shows that Appellant did not request a Reporter's Record be prepared, did not request the court recorder to file the record in this Court, nor included an appendix in his brief containing a transcription of the record or the relevant portions thereof.
>
> Accordingly, *if Appellant wishes this appeal to be considered with a Reporter's Record, he must make arrangements to have the Reporter's Record prepared and filed with this Court on or before December 29, 2000.* If we do not receive a timely response by such date, we will consider and decide only those issues or points that do not require a Reporter's Record for a decision. (Emphasis added).

On December 28, 2000, this court received correspondence from the office of Matthew Blair, the IV–D Master who presided over this case below. The letter references the trial court number for this case, and reads in full:

> To the Honorable Court: ·
>
> Enclosed is a copy of the tape recording of the above case on February 16, 2000 *as requested.*
>
> Thank you.
>
> Sincerely,

Latricia Morris, CLA
Certified Legal Assistant
cc: Robin Lynn Geer (Emphasis added).

Accompanying the letter was a microcassette recording.[7] We infer from our order and this letter that Geer *did* request a recorder's record be filed in his case, within the deadline set by this court, and that the tape recording sent to us by Ms. Morris is the IV–D's court recorder's attempt to comply with that request. The record does not comply with the appellate rules in several aspects, however. The tape is not certified, the record does not include any exhibits (if any were designated) and it does not contain a certified copy of the logs prepared by the court recorder required by TEX.R.APP. P. 13.2.[8] Under these peculiar circumstances, we find it necessary to abate the appeal and remand the case to the trial court pursuant to our authority under TEX.R.APP. P. 34.6(e)(3), 35.3(c), and 37.2. The trial court shall, after hearing, determine the issues of: (1) whether the tape recording filed with this court was an attempt to comply with a request for reporter's record from Appellant; (2) whether it is possible to obtain a certified, fully audible, intelligible recording of the hearing on the merits of this case; (3) whether it is possible to obtain a certified log of the proceeding in this case as required by TEX.R.APP. P. 13.2; and (4) whether any exhibits were designated to be included with the record.

### CONCLUSION

This court concludes we cannot determine the merits of this appeal without clarification on the status of the recorder's record. We therefore abate the appeal and remand the case for proceedings consistent with this opinion. The trial court shall forward its determinations and orders on this matter to the District Clerk

---

**7.** Even were it otherwise complete under the appellate rules, the recording sent to the court is unintelligible. It is recorded at a speed far faster than real time, and witness testimony is almost inaudible. We do not reach any conclusions concerning these problems, however, as the record cannot be considered in the manner in which it was filed.

**8.** TEX.R.APP. P. 34.6(a)(2).

by March 2, 2001. The District Clerk shall then prepare and forward a supplemental clerk's record containing these documents as soon as possible. Also, the trial court's hearing shall be transcribed by the official court reporter and prepared, certified, and filed with the court by March 16, 2001.