**Darrin R. TEAGUE, Appellant,**

v.

**SOUTHSIDE BANK, Appellee.**

**No. 12–03–00003–CV.**

Court of Appeals of Texas, Tyler.

April 23, 2003.

Darrin R. Teague, pro se.

William Sheehy, Wilson, Sheehy, Knowles, Robertson & Cornelius, Tyler, for appellant.

Panel consisted of WORTHEN, C.J. and GRIFFITH, J.

### *OPINION GRANTING REHEARING*

PER CURIAM.

By opinion delivered on February 28, 2003, we dismissed this appeal because Appellant Darrin R. Teague ("Teague") failed to provide proof of full payment for the clerk's record after notice. *Teague v. Southside Bank,* No. 12–03–00003–CV (Tex.App.-Tyler February 28, 2003, no pet. h.), 2003 WL 660794. On March 11, 2003, Teague filed a motion for rehearing, which included a request that this court review the trial court's determination that he is not indigent.

Teague calls our attention to Rule 20.1, which states that a party who cannot pay the costs in an appellate court may proceed without advance payment of costs if:

> (1) the party files an affidavit of indigence in compliance with this rule;
>
> (2) the claim of indigence is not contested or, if contested, the contest is not sustained by written order; and
>
> (3) the party timely files a notice of appeal.

Tex.R.App. P. 20.1(a). Unless a contest is filed, no hearing will be conducted, the allegations in the affidavit will be deemed true, and the party will be allowed to proceed without advance payment of costs. Tex.R.App. P. 20.1(f). Teague asserts that he has satisfied the requirements of rule 20.1, that no contest was filed, and that the trial court was therefore without authority to deny his indigency status.

We agree with Teague's statement of the law. Furthermore, the Texas Supreme Court has determined that, under the amended rules of appellate procedure, an indigent party may obtain the record pertaining to the trial court's ruling on the issue of indigency. *See In re Arroyo,* 988 S.W.2d 737, 738–39 (Tex.1998). Accordingly, we grant Teague's motion for rehearing, reinstate the appeal, and order the clerk of the trial court, as well as the court reporter (if any hearing was conducted), under Texas Rules of Appellate Procedure 34.5(c)(1) and 34.6(d), respectively, to prepare and file within thirty days of the date of this opinion the portions of the record necessary to review the order denying Teague's indigency status.

*Motion for rehearing granted and appeal reinstated.*