**Darrin R. TEAGUE, Appellant,**

v.

**SOUTHSIDE BANK, Appellee.**

**No. 12–03–00003–CV.**

Court of Appeals of Texas,
Tyler.

June 11, 2003.

Darrin R. Teague, pro se.

William Sheehy, for appellee.

Panel consisted of WORTHEN, C.J. and GRIFFITH, J.

## MEMORANDUM OPINION

PER CURIAM.

Appellant Darrin R. Teague ("Teague") challenges the trial court's denial of his request to proceed without advance payment of costs filed pursuant to Texas Rule of Appellate Procedure 20.1. We affirm.

### BACKGROUND

Teague seeks to appeal a summary judgment granted in favor of Southside Bank. On December 12, 2002, he filed a notice of appeal and an affidavit of inability to pay costs with the clerk of the trial court. In his affidavit, Teague states the following:

1. Plaintiff is a prisoner in the Texas Department of Criminal Justice Institutional Division;

2. Plaintiff is without monies to cover the cost's [sic] of these procedures;

3. Plaintiff has a sum of $1,400. in a certificate of deposit;

4. Plaintiff does not possess nor have intrest [sic] in any realistate [sic] or propies [sic] to give security thereof;

5. Plaintiff has no family or friends that will cover the cost of these proceedings; and

6. Plaintiff is proceeding in these procedures as pro-se.

The trial court denied Teague's request to proceed without advance payment of costs.[1]

---

1. Teague filed a second, more detailed affidavit on February 5, 2003, which was after the trial court's ruling. We do not consider that affidavit because it was not timely filed. TEX.

R.APP. P. 20.1(c)(1) (affidavit of indigence must be filed in the trial court with or before the notice of appeal).

In an opinion issued on February 28, 2003, we dismissed the appeal because Teague failed to provide proof of full payment for the record after being given notice that the appeal would be dismissed unless the requested proof was provided on or before February 21, 2003. *Teague v. Southside Bank*, No. 12–03–00003–CV (Tex.App.-Tyler February 28, 2003), 2003 WL 660794 (memorandum opinion). We granted Teague's motion for rehearing and reinstated this appeal to review the trial court's determination that Teague is not entitled to proceed without advance payment of costs. *Teague v. Southside Bank*, 113 S.W.3d 746 (Tex.App.-Tyler, 2003) (memorandum opinion).

### STANDARD OF REVIEW AND APPLICABLE LAW

■ We review the trial court's ruling for an abuse of discretion. *Hager v. Apollo Paper Corp.*, 856 S.W.2d 512, 514 (Tex. App.-Houston [1st Dist.] 1993, no writ). Abuse of discretion is a heavy burden. *Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex.App.-Houston [1st Dist.] 1998, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles, if the facts and law permit only one decision and the trial court reaches the opposite decision, or the trial court's ruling is so arbitrary and unreasonable as to be clearly wrong. *Id.*

Rule 20.1 of the Texas Rules of Appellate Procedure states that a party who cannot pay the costs in an appellate court may proceed without advance payment of costs if

(1) the party files an affidavit of indigence in compliance with this rule;

(2) the claim of indigence is not contested or, if contested, the contest is not sustained by written order; and

(3) the party timely files a notice of appeal.

TEX.R.APP. P. 20.1(a). The clerk, the court reporter, or any party may challenge the claim of indigence by filing a contest to the affidavit. TEX.R.APP. P. 20.1(e). Unless a contest is filed, no hearing will be conducted, the allegations in the affidavit will be deemed true, and the party will be allowed to proceed without advance payment of costs. TEX.R.APP. P. 20.1(f).

■ Indigency provisions, like other appellate rules, should be liberally construed in favor of a right to appeal yet construed in a manner consistent with their purposes. *See Jones v. Stayman*, 747 S.W.2d 369, 369–70 (Tex.1987); *In the Matter of C.M.G.*, 883 S.W.2d 411, 413 (Tex.App.-Austin 1994, no writ). The purpose of Rule 20.1 is to allow parties in an appellate court to proceed without advance payment of costs they are financially unable to pay. *See* TEX.R.APP. P. 20.1(a). Stated another way, the purpose of the rule is "to make sure that no man should be denied a forum in which to adjudicate his rights merely because he is too poor to pay the court costs." *See Pinchback v. Hockless*, 139 Tex. 536, 538, 164 S.W.2d 19, 20 (1942) (numerous rules of civil procedure permitting party to prosecute suit through various phases without being required to pay costs are formulated to accomplish same purpose and are entitled to substantially same construction). To provide sufficient information for a determination of a party's ability to pay, Rule 20.1(b) sets out a laundry list of financial information that must be included in an affidavit of inability to pay costs.[2] Furthermore, the

---

**2.** The affidavit must contain complete information concerning the party's income, the income available from the party's spouse, the real and personal property the party owns, cash and the amounts on deposit that may be withdrawn, other assets, the number and relationship to the party of any dependents, the nature and amount of the party's debts and

rule also requires that the affidavit "identify the party filing the affidavit and ... state what amount of costs, if any, the party can pay." TEX.R.APP. P. 20.1(b). In the absence of a contest, a failure to include all required information is not fatal to a party's right to appeal so long as the affidavit sufficiently fulfils the purpose of the rule. *In the Interest of B.R.G.*, 37 S.W.3d 542, 544 (Tex.App.-El Paso 2001, no pet.); *see also Matter of C.M.G.*, 883 S.W.2d at 413.

### ANALYSIS

■ Teague asserts that his affidavit complies with Rule 20.1, no contest was filed[3], and the trial court was therefore without authority to deny his request to proceed without advance payment of costs. We disagree.

■ Teague states in his affidavit that he is unable to pay the costs of "these procedures", which we construe as an allegation that Teague cannot pay all of the costs of the appeal. This allegation must be taken as true. *See* TEX.R.APP. P. 20.1(f). However, Teague's affidavit does not, as required by Rule 20.1(b), state what portion, if any, of the costs he could pay. Furthermore, on its face, Teague's affidavit (1) establishes that Teague owns a $1,400 certificate of deposit, (2) does not disclose any dependents, debts, or monthly expenses for which these funds on deposit must be used, and (3) does not set forth any other basis for a conclusion that Teague cannot pay a portion of the costs of the appeal. As previously stated, the purpose

of Rule 20.1 is to allow parties in an appellate court to proceed without advance payment of costs they are financially unable to pay. *See* TEX.R.APP. P. 20.1(a). It therefore follows that before a party will be allowed to proceed without payment of any portion of appellate costs, the allegations in the affidavit of inability to pay costs must support a conclusion that the party *cannot pay any portion of those costs. See* TEX.R.APP. P. 20.1(a), (b); *see also Pinchback*, 139 Tex. at 538–39, 164 S.W.2d at 19–20. Teague's affidavit supports the contrary conclusion. Furthermore, because Teague's affidavit does not state what portion of the appellate costs he can pay, the affidavit does not fulfill the purpose of the rule. Consequently, the trial court did not abuse its discretion in denying Teague's request to proceed without advance payment of costs.

### CONCLUSION

The trial court's denial of Teague's request to proceed without advance payment of costs is affirmed. This appeal is ***dismissed*** for failure to provide proof of full payment for the record after notice.

■

---

monthly expenses, the party's ability to obtain a loan for court costs, and the nature of any arrangement with an attorney for representation and payment of costs. TEX.R.APP. P. 20.1(b)(1)-(11).

**3.** An undated notation by the district clerk written on the affidavit indicates that Teague's request was "denied," and the docket

sheet states that Teague's request was denied by the trial court and the district clerk on December 20, 2002. However, *nothing in the* record indicates that the district clerk filed a contest, and no hearing was held as required when a timely contest is filed. *See* TEX.R.APP. P. 20.1(e). Therefore, we *assume that no* contest was filed to Teague's affidavit.