NO. 12-03-00003-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



DARRIN R. TEAGUE,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


SOUTHSIDE BANK,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM


 Appellant Darrin R. Teague ("Teague") challenges the trial court's denial of his request to
proceed without advance payment of costs filed pursuant to Texas Rule of Appellate Procedure 20.1. 
We affirm.


Background


 Teague seeks to appeal a summary judgment granted in favor of Southside Bank. On
December 12, 2002, he filed a notice of appeal and an affidavit of inability to pay costs with the clerk
of the trial court. In his affidavit, Teague states the following:


 1. Plaintiff is a prisoner in the Texas Department of Criminal Justice Institutional Division;


 2. Plaintiff is without monies to cover the cost's [sic] of these procedures; 


 3. Plaintiff has a sum of $1,400. in a certificate of deposit;


 4. Plaintiff does not possess nor have intrest [sic] in any realistate [sic] or propies [sic] to give
security thereof;


 5. Plaintiff has no family or friends that will cover the cost of these proceedings; and


 6. Plaintiff is proceeding in these procedures as pro-se.


The trial court denied Teague's request to proceed without advance payment of costs. (1) 

 In an opinion issued on February 28, 2003, we dismissed the appeal because Teague failed
to provide proof of full payment for the record after being given notice that the appeal would be
dismissed unless the requested proof was provided on or before February 21, 2003. Teague v.
Southside Bank, No. 12-03-00003-CV (Tex. App.-Tyler February 28, 2003), 2003 WL 660794
(memorandum opinion). We granted Teague's motion for rehearing and reinstated this appeal to
review the trial court's determination that Teague is not entitled to proceed without advance payment
of costs. Teague v. Southside Bank, No. 12-03-00003-CV (Tex. App.-Tyler April 23, 2003), 2003
WL 1922844 (memorandum opinion). 


Standard of Review and Applicable Law


 We review the trial court's ruling for an abuse of discretion. Hager v. Apollo Paper Corp.,
856 S.W.2d 512, 514 (Tex. App.-Houston [1st Dist.] 1993, no writ). Abuse of discretion is a heavy
burden. Arevalo v. Millan, 983 S.W.2d 803, 804 (Tex. App.-Houston [1st Dist.] 1998, no pet.). 
A trial court abuses its discretion if it acts without reference to any guiding rules or principles, if the
facts and law permit only one decision and the trial court reaches the opposite decision, or the trial
court's ruling is so arbitrary and unreasonable as to be clearly wrong. Id. 

 Rule 20.1 of the Texas Rules of Appellate Procedure states that a party who cannot pay the
costs in an appellate court may proceed without advance payment of costs if


 (1) the party files an affidavit of indigence in compliance with this rule;


 (2) the claim of indigence is not contested or, if contested, the contest is not sustained by written
order; and


 (3) the party timely files a notice of appeal.


Tex. R. App. P. 20.1(a). The clerk, the court reporter, or any party may challenge the claim of
indigence by filing a contest to the affidavit. Tex. R. App. P. 20.1(e). Unless a contest is filed, no
hearing will be conducted, the allegations in the affidavit will be deemed true, and the party will be
allowed to proceed without advance payment of costs. Tex. R. App. P. 20.1(f). 

 Indigency provisions, like other appellate rules, should be liberally construed in favor of a
right to appeal yet construed in a manner consistent with their purposes. See Jones v. Stayman, 747
S.W.2d 369, 369-70 (Tex. 1987); In the Matter of C.M.G., 883 S.W.2d 411, 413 (Tex. App.-Austin
1994, no writ). The purpose of Rule 20.1 is to allow parties in an appellate court to proceed without
advance payment of costs they are financially unable to pay. See Tex. R. App. P. 20.1(a). Stated
another way, the purpose of the rule is "to make sure that no man should be denied a forum in which
to adjudicate his rights merely because he is too poor to pay the court costs." See Pinchback v.
Hockless, 139 Tex. 536, 538, 164 S.W.2d 19, 20 (1942) (numerous rules of civil procedure
permitting party to prosecute suit through various phases without being required to pay costs are
formulated to accomplish same purpose and are entitled to substantially same construction). To
provide sufficient information for a determination of a party's ability to pay, Rule 20.1(b) sets out
a laundry list of financial information that must be included in an affidavit of inability to pay costs. (2) 
Furthermore, the rule also requires that the affidavit "identify the party filing the affidavit and...state
what amount of costs, if any, the party can pay." Tex. R. App. P. 20.1(b). In the absence of a
contest, a failure to include all required information is not fatal to a party's right to appeal so long
as the affidavit sufficiently fulfils the purpose of the rule. In the Interest of B.R.G., 37 S.W.3d 542,
544 (Tex. App.-El Paso 2001, no pet.); see also Matter of C.M.G., 883 S.W.2d at 413.


Analysis


 Teague asserts that his affidavit complies with Rule 20.1, no contest was filed (3), and the trial
court was therefore without authority to deny his request to proceed without advance payment of
costs. We disagree.

 Teague states in his affidavit that he is unable to pay the costs of "these procedures", which
we construe as an allegation that Teague cannot pay all of the costs of the appeal. This allegation
must be taken as true. See Tex. R. App. P. 20.1(f). However, Teague's affidavit does not, as
required by Rule 20.1(b), state what portion, if any, of the costs he could pay. Furthermore, on its
face, Teague's affidavit (1) establishes that Teague owns a $1,400 certificate of deposit, (2) does not
disclose any dependents, debts, or monthly expenses for which these funds on deposit must be used,
and (3) does not set forth any other basis for a conclusion that Teague cannot pay a portion of the
costs of the appeal. As previously stated, the purpose of Rule 20.1 is to allow parties in an appellate
court to proceed without advance payment of costs they are financially unable to pay. See Tex. R.
App. P. 20.1(a). It therefore follows that before a party will be allowed to proceed without payment
of any portion of appellate costs, the allegations in the affidavit of inability to pay costs must support
a conclusion that the party cannot pay any portion of those costs. See Tex. R. App. P. 20.1(a), (b);
see also Pinchback, 139 Tex. at 538-39, 164 S.W.2d at 19-20. Teague's affidavit supports the
contrary conclusion. Furthermore, because Teague's affidavit does not state what portion of the
appellate costs he can pay, the affidavit does not fulfill the purpose of the rule. Consequently, the
trial court did not abuse its discretion in denying Teague's request to proceed without advance
payment of costs. 


Conclusion


 The trial court's denial of Teague's request to proceed without advance payment of costs is
affirmed. This appeal is dismissed for failure to provide proof of full payment for the record after
notice.

Opinion delivered June 11, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.




(PUBLISH)



1. Teague filed a second, more detailed affidavit on February 5, 2003, which was after the trial court's ruling. 
We do not consider that affidavit because it was not timely filed. Tex. R. App. P. 20.1(c)(1) (affidavit of indigence must
be filed in the trial court with or before the notice of appeal). 
2. The affidavit must contain complete information concerning the party's income, the income available from
the party's spouse, the real and personal property the party owns, cash and the amounts on deposit that may be
withdrawn, other assets, the number and relationship to the party of any dependents, the nature and amount of the party's
debts and monthly expenses, the party's ability to obtain a loan for court costs, and the nature of any arrangement with
an attorney for representation and payment of costs. Tex. R. App. P. 20.1(b)(1)-(11).
3. An undated notation by the district clerk written on the affidavit indicates that Teague's request was "denied,"
and the docket sheet states that Teague's request was denied by the trial court and the district clerk on December 20,
2002. However, nothing in the record indicates that the district clerk filed a contest, and no hearing was held as required
when a timely contest is filed. See Tex. R. App. P. 20.1(e). Therefore, we assume that no contest was filed to Teague's
affidavit.