COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


 
 
  
  
  
 IN THE INTEREST OF E.C.M., a child.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-03-00503-CV
  
 Appeal from the
  
 383rd District Court
  
 of El Paso County, Texas 
  
 (TC# 85‑2096) 
  
 
 


 

MEMORANDUM OPINION ON MOTION TO ORDER NEW TRIAL

 

Before the Court is appellant Ernest
Dominguez=s motion to order a new trial
pursuant to Tex. R. App. P. 34.6, as
the electronic recording of proceedings is inaudible.  For the reasons set out below, we deny the
motion.

Facts








On September 4, 2003 the IV-D
Associate Judge of El Paso County held a hearing and entered judgment on child
support arrearages against appellant Ernest Dominguez.  A record of the proceedings was made by audio
recording.  Dominguez has appealed the
trial court=s judgment of September 4, 2003, and
the clerk=s record was filed in this Court on
December 30, 2003.  Dominguez has now
filed his motion urging that he is entitled to a new trial under Tex. R. App. P. 34.6(f), as the  audio recording
of proceedings is inaudible.  In support,
Dominguez has attached a copy of the affidavit of Kathleen Ann Supnet, court reporter, to this Court.  There, Ms. Supnet
has informed this Court that:

Since
this hearing was not taken by a court reporter and a court reporter was not
present, I was requested by counsel to transcribe the record from the Court=s tape recording.

 

Upon my
review of the tape last week, and upon the review of Sylvia, Judge Minton=s court
coordinator, we have both determined that the tape is inaudible,
therefore a transcript of the proceedings cannot be produced.  

 

Briefs have not yet been filed in the case.  Appellant=s brief is presently due on March 4,
2004.

Requirements of Tex. R. App. P. 34.6(f)

            Tex.
R. App. P. 34.6(f) governs situations such as the one before us.  It provides:

Reporter=s
Record Lost or Destroyed.  An
appellant is entitled to a new trial under the following circumstances:

 

(1) if the appellant has
timely requested a reporter=s record;

 

(2) if, without the appellant=s fault, . . . if the proceedings were electronically
recorded--a significant portion of the recording has been lost or destroyed or
is inaudible; 

 

(3) if the . . . inaudible
portion of the reporter=s record . . . is necessary to the appeal=s resolution; and

 

(4) if the . . . inaudible
portion of the reporter=s record cannot be replaced by agreement of the
parties . . . .

 








Here, the Attorney General correctly points out that
Dominguez has not satisfied the third and fourth sections of the rule.[1]  Nothing before us indicates that Dominguez
has communicated with other parties to the appeal in an attempt to replace the
record by agreement (for example, by written stipulation under Tex. R. App. P. 34.3).  Morever, and more
importantly, there is nothing before us to show that the inaudible recording is
necessary to the resolution of the appeal. 
Dominguez does not even assert this in his motion.  Without his brief on appeal to assay the
necessity of the recording, nor even an outline of his anticipated appellate
points in his motion, this Court is unable to conclude that a record of the
hearing is necessary to the appeal.  See
In re B.R.G., 37 S.W.3d 542, 544 (Tex. App.--El
Paso 2001, no pet.) (finding record of hearing on
merits essential to reviewing appellant=s claims).  For these reasons, we find that appellant
Dominguez has not shown himself entitled to a new trial.

Conclusion

The motion to order a new trial is
denied.  Appellant=s brief is due April 5, 2004.

 

SUSAN
LARSEN, Justice

March 4, 2004

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 











[1]The
Attorney General also contends that Dominguez did not timely request the
reporter=s record,
as required by the first section of the rule. 
We need not reach this contention, however, as
his failure to satisfy the rule=s
other requirements are dispositive of his motion at
this time.