MEMORANDUM OPINION




No. 04-04-00422-CV



Joyce KNOWLES,


Appellant



v.



Nathaniel MACK, Jr. and Margaret Mack,


Appellees




From the 37th Judicial District Court, Bexar County, Texas


Trial Court No. 2003-CI-05332


Honorable Patrick J. Boone, Judge Presiding



Opinion on Appeal of Order Sustaining


Contest to Affidavit of Indigence



Opinion by: Sarah B. Duncan, Justice


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: August 18, 2004


ORDER SUSTAINING CONTEST TO AFFIDAVIT OF INDIGENCE REVERSED

 Joyce Knowles appeals the trial court's order sustaining the court reporter's contest to
Knowles' affidavit of indigence. Because the contest was not timely filed, we reverse the trial court's
order and order that Knowles may proceed without advance payment of costs.

 A party who cannot pay the costs of appeal in a civil case may seek to proceed without
advance payment of costs by timely filing a notice of appeal and an affidavit of indigence. Tex. R.
App. P. 20.1(a). The affidavit must be filed in the trial court with or before the notice of appeal and
the trial court clerk must promptly send a copy of the affidavit to the appropriate court reporter. Id.
Rules 20.1(c)(1), (d). Any party may challenge the claim of indigence by filing a contest to the
affidavit within ten days after the date the affidavit was filed in the trial court. Id. Rule 20.1(e). If no
contest is timely filed, "no hearing will be conducted, the affidavit's allegations will be deemed true,
and the party will be allowed to proceed without advance payment of costs." Id. Rule 20.1(f).

 The trial court signed the final judgment on March 30, 2004, and Knowles timely filed a
motion for new trial. Her notice of appeal was therefore due June 28, 2004. See Tex. R. Civ. P.
329b(g); Tex. R. App. P. 26.1(a). On June 10, 2004, Knowles timely filed both a notice of appeal and
an affidavit of indigence in the trial court. The tenth day after the affidavit was filed in the trial court
was Sunday, June 20, 2004. Any contest to the affidavit was therefore due the next working day -
June 21, 2004. See Tex. R. App. P. 4.1, 20.1(e). No contest to the affidavit of indigence was filed on
or before June 21; however, on July 2, the court reporter Kayleen Rivera filed a contest. After a
hearing held July 9, 2004, the trial court signed an order sustaining the contest. 

 No timely contest to Knowles' affidavit of indigence was filed. The trial court therefore erred
in holding a hearing on the untimely contest. See Tex. R. App. P. 20.1(f); In re B.A.C., 4 S.W.3d 322,
323 (Tex. App.-Houston [1st] 1999, pet. dism'd). Instead, the trial court was bound to accept the
allegations in Knowles' affidavit as true, and she is "absolutely entitled" to proceed without advance
payment of costs. See Rios v. Calhoon, 889 S.W.2d 257, 258 (Tex. 1994) (orig. proceeding)
(construing former Tex. R. App. P. 40(a)(3)(E)); see also In re B.A.C., 4 S.W.3d at 324 (by not
raising objections to affidavit in timely contest, court reporter waives right to challenge sufficiency
of affidavit); In re B.R.G., 37 S.W.3d 542, 544 (Tex. App.-El Paso 2001, no pet.) (same). We
therefore reverse the trial court's order sustaining the contest to Knowles' affidavit of indigence and
order that Knowles is entitled to proceed without advance payment of costs.


 Sarah B. Duncan, Justice