NO.
12-07-00153-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

 

IN RE:
DAVID L. SMITH,   §                      ORIGINAL PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 

 



MEMORANDUM
OPINION

            David
L. Smith filed a petition for writ of mandamus challenging the county court’s
dismissal of his appeal from an unfavorable judgment in a forcible detainer
action.  The respondent is the Honorable
David H. Holstein, Judge of the County Court of Henderson County.  Jeremy Conner, who brought the forcible
detainer action against Smith, is the real party in interest.  We deny the petition.

 

Background

            On December 29, 2006, Conner filed
an action in justice court for forcible detainer against Smith.  Following a nonjury trial, the justice court
entered a judgment in favor of Conner. 
Smith promptly filed a notice of appeal and an affidavit of indigence
with the justice court.  No contest was
filed to the affidavit of indigence.  

            The respondent dismissed Smith’s
appeal, finding that Smith had failed to post the necessary appeal bond.  It is unclear from the record whether the
respondent was aware that Smith had filed an affidavit of indigence and that
the affidavit had not been contested. 
This original proceeding followed.

 








Availability of Mandamus

            Smith alleges in his petition that
the respondent erred by dismissing his appeal. 
According to Smith, his affidavit of indigence was not contested, and,
therefore, approved.  See Tex. R. Civ. P. 749a.  Smith alleges that, as such, his appeal to
county court was perfected and no bond was required.  See Tex.
R. Civ. P. 749c.  Finally, Smith
argues that mandamus is appropriate because the respondent’s order has the
effect of placing his right to possession and occupancy of his homestead in
immediate jeopardy.

            Mandamus is an extraordinary remedy
and was intended to be available “only in situations involving manifest and
urgent necessity and not for grievances that may be addressed by other
remedies.”  Walker v. Packer,
827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding).  For Smith to be entitled to relief by
mandamus, he must meet two requirements. 
First, he must show that the trial court clearly abused its discretion.  Id. 
Second, he must show that he lacks an adequate remedy at law,
such as an ordinary appeal.  See id.


            Here, Smith has not shown that
another remedy, such as an appeal, was unavailable and inadequate.[1]  Instead, it appears that the remedy of an
ordinary appeal was both available and adequate.  See Teague v. Southside Bank,
No. 12-03-00003-CV, 2003 WL 21356052, at *1-2 (Tex. App.–Tyler June 11, 2003,
no pet.) (mem. op.) (appeal from trial court’s denial of request to proceed
without advance payment of costs where affidavit of indigence had not been
contested).  Therefore, under the facts
presented, we have no choice but to hold that Smith is not entitled to mandamus
relief because Smith has failed to show that there was no adequate remedy by
ordinary appeal.[2]  See Walker,
827 S.W.2d at 840.

Disposition

            Having held that Smith failed to
show that there was no adequate remedy by ordinary appeal, we need not address
whether the respondent abused his discretion in dismissing Smith’s appeal.  Smith’s petition for writ of mandamus is denied.  Smith also moved for a stay of the underlying
proceeding until we issued an opinion on the merits of his mandamus
petition.  That motion is overruled as
moot.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

 

 

 

 

Opinion delivered
July 2, 2007.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Smith filed a notice of appeal in this court, but the appeal was
dismissed because Smith failed to comply with Rules 5 and 32.1 of the Texas
Rules of Appellate Procedure.  See Smith
v. Conner, No. 12-07-00133-CV, 2007 WL 1492059 (Tex. App.–Tyler May 23,
2007, no pet. h.) (mem. op.) (per curiam).





[2] We note that Smith may no longer be able to pursue a remedy by ordinary
appeal.  Nonetheless, the mere fact that
Smith’s appeal has been dismissed for failing to follow the Texas Rules of
Appellate Procedure is not proof that an adequate remedy does not exist.  Cf. Geary v. Peavy, 878 S.W.2d
602, 603 (Tex. 1994) (orig. proceeding) (discussing two exceptions in which one
may fail to pursue an available ordinary appeal and yet be entitled to mandamus
relief).  Instead, it is merely proof
that Smith failed to properly exercise his right to pursue this remedy.