TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00227-CV






L. Diane Wells, Appellant



v.



Joe McCurry, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 30240-A, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING 






O R D E R



PER CURIAM

 L. Diane Wells has appealed from the trial court's adverse judgment in her suit
against Joe McCurry. (1) Wells filed an affidavit of indigence ("the affidavit") and a motion for a free
appellate record in the trial court. Contests to the affidavit and motion for free record were filed. 
Because the trial court failed to timely rule on the contests, appellant is entitled to proceed as
an indigent. We will first discuss the affidavit. We will then discuss the motion for a free appellate
record.

 Appellant timely filed her affidavit of indigence. (2) Contests were timely filed. The
original date set for the hearing on the contests was May 2, 2007. By order signed April 27, 2007,
the trial court reset the date for the hearing on the contests for May 14, 2007. (3) The hearing was held
on May 14, 2007. However, no order was signed until May 21, 2007.

 If a contest to an affidavit of indigence is filed, an order sustaining the contest must
be signed within the period set for the hearing. Tex. R. App. P. 20.1(i)(4). If the order is not signed
within that time, the affidavit's allegations will be deemed true, and the party will be allowed to
proceed without advance payment for costs. Id; In re G.C., 22 S.W.3d 932, 932-33 (Tex. 2000). 
The trial court must sustain the contest by written order. See Smith v. McCorkle, 895 S.W.2d 692,
692 (Tex. 1995). If the court sustains the contest orally but does not sign an order, the ruling is
ineffective. Id. A docket entry is not sufficient to be a written order. Id.; Modern Living v. Alworth,
730 S.W.2d 444, 446 (Tex. App.--Beaumont 1987, no writ) (neither oral ruling from bench or
docket entry following hearing was sufficient to constitute valid ruling on contest).

 In this case, the trial court apparently orally sustained the contest at the hearing. (4) It
did not timely sign a written order. Accordingly, because the oral ruling was not adequate to sustain
the contest and no timely written order was made, the allegations of indigence are taken as true. See
Tex. R. App. P. 20.1(i)(4); Smith, 895 S.W.2d at 692.

 Holding Wells to be indigent, however, does not end our inquiry. We turn now to
the issue whether appellant is entitled to a free record. See Tex. Civ. Prac. & Rem. Code Ann.
§ 13.003 (West 2002). The civil practice and remedies code requires the preparation of a free record
on appeal only if an affidavit of inability to pay has been filed and the trial court finds that the appeal
is not frivolous and that the free record is necessary to determination of the appeal. Id. § 13.003(a). 
This court has held that a motion for a free appellate record must be presented to the trial court in
the first instance. Kennedy v. Kennedy, 222 S.W.3d 97, 98 (Tex. App.--Austin 2006, order). In this
case, a motion for a free appellate record was filed in the trial court, satisfying Kennedy. Appellee
McCurry contested the motion. A written ruling on the contest to a free record must be signed
within the same time frame as the ruling on the affidavit. See In re VanDeWater, 966 S.W.2d 730,
731 (Tex. App.--San Antonio 1998, orig. proceeding.). In this case, no such order was signed
within the applicable time limit, entitling appellant to a free record.

 The clerk's record should be filed thirty days from the date of this order. The
reporters record should be filed in sixty days from the date of this order.

 It is ordered February 20, 2008.



Before Chief Justice Law, Justices Pemberton and Waldrop
1. Wells originally sued Ira David Floyd, Terri Rene Floyd, and Joe McCurry. Appellant's motion
for new trial was granted with respect to the Floyds. The suit against McCurry was severed, assigned
cause number 30,240-A, and the judgment became final and appealable.
2. An affidavit of indigence should be filed "with or before" the notice of appeal. Tex. R. App.
P. 20(c)(1). However, the failure to file with or before the notice of appeal will not support a
dismissal of the appeal unless appellant is given a reasonable time to correct the error. Higgins
v. Randall County Sheriff's Office, 193 S.W.3d 898, 899 (Tex. 2006).
3. The motion for extension of time to hold the hearing filed by the district clerk complains that
the affidavit was not accompanied by an attorney's IOLTA (Interest on Lawyer's Trust Account)
certificate pursuant to Texas Rule of Civil Procedure 145(b). However, Rule 145 applies to
proceeding as an indigent in the trial court. Texas Rule of Appellate Procedure 20.1 controls
affidavits of indigence at the appellate level. If a party is represented by an attorney providing free
legal services through a program funded by IOLTA, that attorney may file a certificate showing that
IOLTA has already screened the party for income eligibility. If such a certification accompanies the
affidavit, the affidavit becomes incontestable. Even if Rule 145 applied, it is not a reason for an
extension of time to have a hearing, but a reason why no hearing would be needed.
4. If an affidavit of indigence is challenged, the appellate court should be provided with a clerk's
record and reporter's record from the hearing on the contest. In re Arroyo, 988 S.W.2d 737, 739
(Tex. 1998); Teague v. Southside Bank, 113 S.W.3d 746, 746 (Tex. App.--Tyler 2003, no pet.). 
Similarly, an appellant is entitled to a free record of proceedings to determine whether an appeal is
frivolous. De La Vega v. Taco Cabana, Inc., 974 S.W.2d 152, 154 (Tex. App.--San Antonio 1998,
no pet.). We have received documentation sufficient to show that the order on the contest was not
timely. We do not have a reporter's record from the hearing; appellant's status report filed in
response to this Court's inquiry about the record stated that the court had ruled orally from the bench.