

# NUMBER 13-15-00404-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JANN E. THOMPSON AND
DANIEL LOUIS THOMPSON,                                    Appellants,

## v.

REFUGIO COUNTY, TEXAS,                                    Appellee.

---

### On appeal from the 135th District Court
### of Refugio County, Texas.

---

# ORDER

### Before Justices Garza, Perkes, and Longoria
### Order Per Curiam

*Pro se* appellant Daniel Louis Thompson[1] filed a document with the trial court titled

---

[1] The style of the case reflects that Daniel Louis Thompson and Jann E. Thompson are appellants. However, both the affidavit and the "Challenge" that we discuss below use singular pronouns and were signed only by Daniel Louis Thompson. We presume that only Daniel Louis Thompson filed both documents, but our reasoning applies equally to both appellants in any event.

"Pro Pauperous" in which he requested "the waiving of all fees for appeal in the above referenced case." Appellant asserted in this document that his only income was a monthly disability check from Social Security in the amount of $1,044. Treating this document as an affidavit of indigence, the court reporter filed a contest to indigence. *See* TEX. R. APP. P. 20.1(e). The trial court sustained the contest after a hearing at which no one appeared on appellant's behalf. Appellant then filed with the trial court a document titled "Challenge of Order of Trial Court on Indigent Affidavit" in which he asks the trial court to strike or dismiss its order sustaining the court reporter's contest of indigence. The district clerk forwarded appellant's "Challenge" to this Court.

Generally, a party may proceed on appeal without advance payment of costs if: (1) he files an affidavit of indigence that complies with Texas Rule of Appellate Procedure 20.1; (2) his claim of indigence is not contested or any contest is not sustained; and (3) he timely files a notice of appeal. *See* TEX. R. APP. P. 20.1(a); *In re C.H.C.*, 331 S.W.3d 426, 429 (Tex. 2011) (per curiam). If a contest to indigence is filed and the trial court issues an order sustaining the contest, the party claiming indigence may seek review of the court's order by filing a motion challenging the order with the appellate court. TEX. R. APP. P. 20.1(j)(1). The motion is deemed granted if the appellate court does not deny the motion within ten days after it is filed. *Id.* R. 20.1(j)(4). The question before us is whether we will deem the "Challenge" filed in this Court for purposes of Texas Rule of Appellate Procedure 20.1(j). *See id.* R. 20.1(j)(1).

Texas courts construe and apply procedural rules "so that the right of appeal is not unnecessarily lost to technicalities." *Guest v. Dixon*, 195 S.W.3d 687, 688 (Tex. 2006)

2

(per curiam). We construe the rules on indigence liberally "but in a manner consistent with their purposes." *Teague v. Southside Bank*, 257 S.W.3d 726, 728 (Tex. App.—Tyler 2003, no pet.). Rule 20.1(j) specifically requires the party alleging indigence to "seek review of the court's order" by filing a "motion challenging the order *with the appellate court.*" TEX. R. APP. P. 20.1(j)(1) (emphasis added). Appellant filed his "Challenge of Order of Trial Court on Indigent Affidavit" in the trial court. While the clerk provided us with a copy of the Challenge, appellant never filed it with this Court. Furthermore, the text of the Challenge does not address this Court or request any form of relief from it. We decline to deem the "Challenge" filed in this Court because it would be inconsistent with the evident purpose of Rule 20.1(j): to permit this Court to timely review the trial court's decision.[2] *See id.*; *see also In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013) (per curiam) (holding that a combined motion for new trial and notice of appeal was a bona fide attempt to invoke the court of appeals' jurisdiction because it "address[ed] the appellate court").

Having concluded that appellant did not timely file a motion challenging the trial court's order sustaining the court reporter's challenge to his affidavit, the court's order has become final. *See* TEX. R. APP. P. 20.1(j). Appellant therefore must pay the costs of appeal. We order appellant to pay the $205.00 filing fee to this Court no later than 30 days from the date of this order, or the Court will dismiss the appeal. *See id.* R. 5, 42.3.

---

[2] Appellant frequently mentions his *pro se* status as an argument in his favor. While we are sympathetic to the difficulties *pro se* litigants experience, we hold *pro se* litigants to the same standards as licensed attorneys and require them to follow the same laws and procedural rules. *See Jarvis v. Feild*, 327 S.W.3d 918, 925 (Tex. App.—Corpus Christi 2010, no pet.) (internal quotation marks omitted).

3

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
17th day of December, 2015.

4